SAM SHREWDER v. THE STATE.

No. 852. Decided January 25, 1911.

Rehearing Denied May 24, 1911.

**1.—Theft—Statements of Facts and Bills of Exception—Practice on Appeal.**

Where, upon appeal from a conviction of theft, it appeared from the record that the statement of facts was presented to the county attorney within the time allowed by law, but the latter would not agree thereto, it was the duty of appellant and his counsel to present the matter to the judge to make up a

statement of facts, and where this was not done the diligence was not sufficient, and the same can not be considered on appeal; and the indictment being sufficient, the judgment must be affirmed.

**2.—Same—Antedating File Marks.**

An agreement between counsel to antedate a statement of facts in filing the same is a practice which can not be tolerated.

**3.—Same—Charge of Court—Indictment—Bailment—Words and Phrases—Practice on Appeal—Article 723.**

Where the indictment charged the defendant with having in his possession the alleged stolen money by virtue of his contract of borrowing for the purpose of counting the same, and the court instructed the jury in the language of the indictment, but added thereto the words, "or other bailment," the same, in the absence of a statement of facts, sufficiently submitted the offense alleged in the indictment, and under article 723, Code Criminal Procedure, there was no reversible error.

Appeal from the District Court of Tarrant County. Tried below before the Hon. R. H. Buck.

Appeal from a conviction of theft; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Lattimore, Cummings, Doyle & Bouldin,* for appellant.—On question that it was not appellant's fault in not procuring statement of facts: Shaffer v. State, 58 Texas Crim. Rep., 646; id., 647, 127 S. W. Rep., 206; id., 207; Johnson v. State, 16 Texas Crim. App., 372.

On question of insufficiency of indictment: Smith v. State, 38 Texas Crim. Rep., 232, 42 S. W. Rep., 302; Yost v. State, 38 S. W. Rep., 192; McCarty v. State, 78 S. W. Rep., 506.

On question of the court's charge in submitting the issue of bailment: Harrison v. State, 60 S. W. Rep., 963; Grant v. State, 127 S. W. Rep., 173; Williams v. State, 53 Texas Crim. Rep., 2, 108 S. W. Rep., 371; Emerson v. State, 54 Texas Crim. Rep., 628, 114 S. W. Rep., 834; Whitcomb v. State, 30 Texas Crim. App., 269.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the appellant was tried in the District Court of Tarrant County, found guilty, and his punishment assessed at ten years confinement in the penitentiary.

There are no bills of exception in the record, and the record shows that the term of court at which defendant was tried adjourned on the 6th day of November, 1909, while the statement of facts was not filed until the 25th day of June, 1910. With the papers, we find an affidavit of appellant's attorney that the statement of facts was presented to the county attorney within the time allowed by law. There is also an affidavit of the county attorney that said statement of facts was not presented to him until the expiration of the time in which it could be filed. The statement of facts is signed neither by

appellant's counsel nor by the county attorney. Attached to the papers, filed as a statement .of facts, is a statement of the judge trying the cause, that it was never presented to him until the 25th day of June, 1910. Admitting, as stated by appellant's counsel, that the statement was presented to the county attorney within the time allowed by law, yet upon their failure to agree it was his duty to present the matter to the judge, and request him to make up a statement of facts. This was not done until long after the time had elapsed; in fact, the record shows six months had elapsed. In this state of the record, this court can not consider the statement of facts, and in the absence of a statement of facts, if the charge is applicable to any state of facts that might be proven under the allegations contained in the indictment, this court will assume that the court below submitted to the jury the law of the case and all the law required by the testimony and any portion of same. Wright v. State, 37 Texas Crim. Rep., 146; Jones v. State, 34 Texas Crim. Rep., 642; Bell v. State, 33 Texas Crim. Rep., 163.

The indictment is in accordance with the form laid down in White's Annotated Penal Code, and we think sufficient.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### May 24, 1911.

HARPER, JUDGE.—At a former day of this term this case was affirmed, and appellant has filed a motion for a rehearing, accompanying it with affidavits, in which we are requested to consider the statement of facts, and also insisting that in the event we do not do so, we should reverse the case because of an error in the charge of the court.

This case was tried at the October term of the District Court of Tarrant County in 1909, which adjourned November 6 following, and the statement of facts was not presented to the trial judge until in June, 1910. In addition to the affidavits mentioned in the original opinion, an affidavit has been filed accompanying the motion for a rehearing stating that he had an agreement with the assistant county attorney that the statement of facts would be dated back and filed back, that is, although filed after the time allowed by law, such file marks would be placed thereon as to show it to have been filed within time; that said appellant was confined in jail and was not on bond, and had no other attorney representing him in said cause except affiant and that affiant believing and relying wholly upon the good faith of said county attorney in the premises, left said statement of facts with said county attorney and did not then and there insist upon the same being filed and did not immediately go back and demand of said county attorney, said statement of facts and did not take the same and present the same to the judge within said

time, because he was informed that said statement was misplaced and because he was misled and believed that the agreement of said county attorney was made in good faith and that the same would be kept and that said statement of facts would be filed back after agreement thereto, within the said thirty days allowed by said court. Affiant further says that not until after the expiration of said thirty days was he informed by said county attorney that he would not honor the agreement made by his said assistant and would not agree to the filing back of said statement of facts.

We always regret to see anyone desiring to appeal his case deprived of a statement of facts, but this court, as all other courts, is circumscribed by the rules of law, and even to concede that an agreement had been made to antedate the statement of facts, even if this agreement had been carried out, and it was called to our attention, we could not consider the statement of facts. Discussing this question at length in the case of Bryant v. State, 35 Texas Crim. Rep., 398, Judge Hurt holds: "What the judge may have said or done, or the district attorney may have said or done with reference to filing the statement of facts back within the ten days can not avail the appellant in order to exonerate him from the use of diligence before the time allowed by law expired." This was a case in which the statement of facts was antedated under an agreement with the district attorney and filed by order of the judge, yet it was stricken from the record.

And in Spencer v. State, 34 Texas Crim. Rep., 238, it is held: "The question that presents itself at the threshold of the case is whether or not we can consider the statement of facts and bills of exception as a part of the record in this case. The record shows that the court adjourned on July 2, 1894. The bills of exception appear to have been filed on June 25, 1894, and the statement of facts on July 2, 1894. The record shows that the following agreement was filed December 28, 1894, to wit: 'The State of Texas, Wichita County. We agree that the statement of facts and bills of exception in the case of The State v. Willie Spencer may be filed as of the term during which the same was tried.' Said agreement was signed by counsel representing the State. The record shows an order, of date June 26, allowing ten days after adjournment of the court within which to file a statement of facts in the case. Although the approval of the judge on the statement of facts and bills of exception is without any date, and the filing of same (both the exceptions and statement of facts) contains a date as of the term, yet to our minds the above agreement makes it evident that neither the statement of facts nor bills of exception had been filed prior to the 28th of December, 1894, and that they were purposely antedated, so as to appear to have been filed during the term. The law and the rules of this court require the bills of exception to be filed during the term, and the statement of facts can only be filed after the term

when the court has made an express order allowing the ten days; and the method pursued in this case only shows an attempt to evade, by an agreement not authorized by law, a long established rule of practice, the wisdom of which has been demonstrated by experience. Such a course of procedure can not be permitted by this court, and the bills of exception and statement of facts which appear in the record will not be considered by us."

Therefore under any view of the matter, under the decisions of this court, we would not be authorized to consider the statement of facts, because counsel admits it was not presented to the judge until June, 1910, and gives as a reason for not doing so that he relied upon an agreement to antedate it, which practice this court has condemned in unmeasured terms, and said it would not tolerate.

The other question raised is one of some difficulty, and we have given it much consideration. If the charge authorized the jury to convict appellant for an offense not alleged in the indictment, this case should be reversed. The indictment charged that appellant "having possession of one thousand dollars · in money, of the value of one thousand dollars, then and there the property of G. F. Cumberledge, by virtue of his contract of borrowing said money for the purpose of counting the same," etc., charging theft by bailee.

The charge in submitting this offense tells the jury that if they believe beyond a reasonable doubt that appellant "having possession of one thousand dollars in money, of the · value of one thousand dollars, then and there the property of G. F. Cumberledge, by virtue of his, the said defendant's contract of borrowing *or other bailment* of said money for the purpose of counting the same, with the said Cumberledge, did then and there unlawfully and without the consent of said Cumberledge, the owner thereof, fraudulently convert said money to his, the said Shrewder's use, and with the intent to deprive the said Cumberledge of the value of the same," etc., they would find the defendant guilty.

The defendant insists that the use of the words "or other bailment" authorized the conviction of the defendant upon a state of facts not charged in the indictment.

It was improper for the court to have used the words "or other bailment" in his charge, but is it such error that we should reverse the case in the absence of a statement of facts? In the case of Holloway v. State, 53 Texas Crim. Rep., 246, it is held: "It is claimed that paragraph eight of the court's charge quoted above was erroneous in that it authorized a conviction if the jury found from the evidence that appellant was engaged in a system of business for the purpose of evading the local option law without regard to whether or not he made the sale of intoxicating liquors to the said Brewington within the prohibited territory. This contention of appellant is correct and the charge of the court in the terms given is not the law. Vanarsdale v. State, 35 Texas Crim. Rep., 587, 34 S. W. Rep., 931;

Brookman v. State, 50 Texas Crim. Rep., 277, 96 S. W. Rep., 928. But it does not of necessity follow that for such error the case, in the absence of a statement of facts, must be or should be reversed. Ordinarily in the absence of a statement of facts, this court will inquire no further than to ascertain whether or not the indictment was sufficient to charge the offense and sustain the charge of the court and the verdict of the jury, except as to matters so presented by bills of exception as to be determinable without a statement of facts, or where it appears that the conviction was not had by due course of law. It has been said, however, that this rule does not preclude this court from revising the charge of the court in a felony case where such charge is not warranted by the indictment, and, where under any state of evidence, it would be manifestly erroneous, and may have prejudiced the rights of the accused. Brown v. State, 16 Texas Crim. App., 197; Hemanus v. State, 7 Texas Crim. App., 372; Davis v. State, 6 Texas Crim. App., 196; Gerrold v. State, 13 Texas Crim. App., 345; Kaskie v. State, 7 Texas Crim. App., 202; Davis v. State, 2 Texas Crim. App., 162. How far we may in any case hold that a charge is not warranted by the indictment may be a doubtful question. We think ordinarily, however, where the offense charged in the indictment is submitted to the jury, even though not with strict accuracy, that such charge can not, in the absence of a statement of facts, be reviewed. If an offense, not included in the indictment, is submitted, or if a conviction is authorized in a charge, which, under the indictment in the case, would not be justified, we could in such case review such a charge of the court. In the case of Ortis v. State, 18 Texas Crim. App., 282, the following charge was given on the subject of accomplice: 'An accomplice is one who, though not present at the commission of an offense, but who, before the act is done, advises, commands and encourages another to commit the offense, or who agrees with the principal offender in committing the offense, though he may not have given such aid.' It is stated in the opinion in that case that while this is the definition of an accomplice as given in article 79 of the Penal Code, that as used in article 741 of the Code of Criminal Procedure, an accomplice is any person who has participated in the commission of the crime, whether as principal offender, or as accessory, or in any other manner, which makes him a particeps criminis. In considering this charge in that case Judge Hurt says: 'There being no statement of facts, we are not able to determine whether the following charge (above quoted) was calculated to injure the defendant, but it is most evidently incorrect. There must have been some evidence that a witness in the case was an accomplice.' And so in this case, while it must be conceded that the charge complained of is erroneous, are we justified in holding, in view of the entire charge, that it is such error as that we can, in the absence of the statement of facts, say and know was injurious and hurtful? It may be that if the statement of facts could be considered

that there was such an utter absence of proof of system, or admission of such facts of guilt as to make the charge complained of wholly immaterial. We are not inclined to break away from or extend the rule frequently announced in this court and in the Supreme Court for more than a generation, that in the absence of a statement of facts, we will and should presume in aid of the judgment of the court below, the regularity of the proceedings, the sufficiency of the proof, and decline to reverse in any case, unless the charge of the court so departs from the indictment as to make such error conclusive evidence of injury."

This court prior to 1897 had adopted a certain method of construction of the charge of the court, and had held that any error in the charge of the court in submitting the offense would be cause for reversal of the case, and in consequence of said holdings the Legislature amended article 723 of the Code of Criminal Procedure, by inserting the words, "The judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant." In the absence of a statement of facts, it is difficult for this court to find that an error is "calculated to injure the rights of a defendant," unless there is submitted an offense not charged in the indictment. If the charge in the indictment is only erroneously submitted, as said in the case above cited, and many other cases construing this article of the Code since its adoption, this court will not presume that the "error was calculated to injure the rights of a defendant." See Godwin v. State, 39 Texas Crim. Rep., 408; Lucas v. State, 39 Texas Crim. Rep., 49; Wright v. State, 40 Texas Crim. Rep., 46; Areola v. State, 40 Texas Crim. Rep., 51.

In reading this charge as a whole, especially that portion of same presenting a defense raised by defendant in the third to the last paragraph of the charge, it appears that the contention was, for what purpose did defendant get the money from the prosecuting witness, for the purpose of counting it? That he got it from the prosecuting witness for the purpose of counting it seems manifest throughout the entire charge, on this phase of the case. And in the indictment it is alleged he got possession of it by borrowing it for the purpose of counting, and in the charge the words used are limited in that the purpose in getting possession was for the "purpose of counting the same." The criticism is that he might have obtained the possession by some other means than "borrowing" in that the words "other bailment" are used in the charge, and we are asked to presume that error was calculated to injure the rights of the defendant. No man would hire money for the purpose of counting it. No man would pledge money for the purpose of having it counted. No man would pawn money for the purpose of having it counted, and what method of bailment can be conceived whereby money would be in the possession of another for the "purpose of counting same" except a loan or borrowing for that purpose? We have tried to view this question from

every standpoint, and we can not conceive a reasonable *bailment* where one man would have the money of another *"for the purpose of counting same,"* as stated in the indictment and limited in the charge, other than lending and borrowing.

Being unable to conceive how the charge, in the absence of a statement of facts, could be injurious to the rights of the defendant, the motion for a rehearing is overruled.

The charge does not authorize the conviction of the defendant for an offense other than that charged in the indictment; nor any different mode of the commission of the offense charged. When read from a common sense view, it only authorized a conviction of the defendant if he had the money of the person charged "for the purpose of counting the same," and then conceived and executed the fraudulent intent of appropriating it to his own use, and a person does not have the money of another for "counting" except when loaned or borrowed. The trial courts should not commit such errors, and in any case, if the charge authorized the conviction of a person charged with crime for a different offense than that charged, or for an offense charged, yet by a different mode or means than that alleged in the indictment, we will reverse the same. Every person is entitled to know with what offense he stands charged, and where an offense is defined by the statute, and its elements may consist of different means or methods, as theft from the person, burglary of a private residence at night, adultery, etc., the indictment should be specific. It is true, the pleader may in different counts present the different modes, but the court in his charge should submit only the offense and the mode and method alleged in the indictment.

The motion for rehearing is overruled.

*Overruled.*