### ALICE FOX v. THE STATE.

#### No. 1047. Decided May 24, 1911.

**1.—Burglary—Indictment—Want of Consent.**

Where the Court of Criminal Appeals had dismissed the appeal because the indictment failed to allege want of consent, as the same appeared in the record, and it was afterwards shown by the original indictment that the same did contain said allegation, the appeal was reinstated and the case tried on its merits.

**2.—Same—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence, and the absent testimony was not probably true, there was no error in overruling same.

**3.—Same—Election by State.**

Where the indictment alleged a daylight and a night-time burglary in two different counts, the State was not required to elect on which count it would prosecute.

**4.—Same—Charge of Court.**

Where the requested instructions were contained in the main charge, and one of them demanded an acquittal, there was no error in refusing them.

**5.—Same—Charge of Court—Harmless Error—Article 723.**

Where the court charged the jury if they had reasonable doubt whether the burglary was committed in the daytime or night-time they would convict of the daytime burglary, the same, if error, was harmless under article 723, Code Criminal Procedure.

Appeal from the District Court of Jackson. Tried below before the Hon. John M. Green.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. G. Moffett*, for appellant.—On question of election by State: Rodgers v. State, 59 Texas Crim. Rep., 146, 127 S. W. Rep., 834;

Lewis v. State, 54 Texas Crim. Rep., 636, 114 S. W. Rep., 818;
Johnson v. State, 52 Texas Crim. Rep., 201, 107 S. W. Rep., 52;
Blackwell v. State, 51 Texas Crim. Rep., 24, 100 S. W. Rep., 774;
Simms v. State, 10 Texas Crim. App., 131.

On question of court's charge: Reardon v. State, 4 Texas Crim.
App., 602; Morgan v. State, 16 Texas Crim. App., 593; Arcia v. State,
28 Texas Crim. App., 198; Henry v. State, 54 S. W. Rep., 592.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question
of recalling mandate and reinstating case: McCorquodale v. State, 54
Texas Crim. Rep., 344.

### ON REHEARING.

#### May 24, 1911.

HARPER, JUDGE.—At a former day of this term the judgment
herein was reversed on account of a defect in the indictment copied
in the transcript, under which appellant was convicted. See 61
Texas Crim. Rep., 544. The Assistant Attorney-General has filed
a motion for a rehearing, alleging that the transcript in this case on
appeal to this court is defective and imperfect in the following par-
ticulars: The indictment in this case as the same appears copied
in said transcript does not contain an allegation that the stolen goods
were taken without the consent of the owner, and only alleges, as
shown in said transcript, that the appellant, Alice Fox, did break
and enter the house "with the fraudulent intent of her, the said
Alice Fox, to take from said house corporeal property therein being
and belonging to the said George Green, the owner of said property,
of the value thereof, and to appropriate the same to the use and bene-
fit of her, the said Alice Fox," whereas, in truth and in fact, the
indictment filed in the court below on the 29th day of September,
1910, and upon which a conviction in this case was had contains,
omitting formal parts, the following averments:

That Alice Fox . . . "did then and there unlawfully and in the
daytime by force, threats and fraud, fraudulently and burglariously
break and enter the house occupied by George Green without the
consent of the said George Green and with the fraudulent intent of
her, the said Alice Fox, to take from said house corporeal personal
property therein being and belonging to the said George Green, from
the possession of the said George Green, without his consent, and with
intent to deprive the said George Green, the owner of said property,
of the value thereof and to appropriate the same to the use and benefit
of her, the said Alice Fox . . . against the peace and dignity of
the State."

To this is attached the original indictment as an exhibit, properly
verified. In accordance with said prayer, and it appearing that the
original indictment is valid, the judgment reversing this case is over-
ruled and we will consider this case on its merits.

The application of the defendant for a continuance does not show any diligence. No process is attached to the application, and the allegation in the application being that the subpoena had been applied for on the 3d of October, when the case had been set for trial on the 4th, with no reason assigned why it had not been issued before that date, does not show any diligence whatever. In addition thereto, the facts she alleges she expects to prove by said witness are not probably true, for she was found in possession of a portion of the stolen property, and paid $8 to the prosecuting witness for the part she did not still have in her possession.

There were two counts in the indictment, one alleging daylight and the other night-time burglary. The court did not err in refusing to require the State to elect on which count it would prosecute.

There was no error in refusing to give the special instructions requested. Two of them were given sufficiently in the main charge, and the third, a peremptory charge, should not have been given.

There are several complaints as to the charge of the court. As before stated, the indictment contained two separate and distinct counts, one alleging daytime and the other night-time burglary. The count charging a daytime burglary does not allege that it was a private residence, but simply charges a burglarious entry of a house belonging to George Green with the intent to commit theft. The count charging a night-time burglary alleges that it was a private residence occupied by George Green and his family. Burglarious entry of a private residence under given conditions is defined by article 839. Had appellant been convicted under this count in the indictment, the criticism of the charge would be well taken, in that the charge would authorize a conviction under a given state of facts not plead in the indictment, that is, an entry and remaining concealed therein. But the jury having found the defendant guilty under the first count in the indictment, these errors can not be complained of by the defendant, for they in no sense could have induced or been instrumental in causing the jury to return a verdict of guilty.

The court apparently took articles 838, 839 and 839a to be degrees of the same offense and not separate and distinct offenses, and charged the jury that if they believed beyond a reasonable doubt that defendant was guilty of burglary, but had a reasonable doubt as to whether the burglary was committed in the daytime or night-time, they would not convict her of night-time burglary, but find her guilty under the first count. Appellant complains of this paragraph of the charge. The error was beneficial to the defendant, and we can not see in what way she was injured. The court instructed the jury that if they believed beyond a reasonable doubt that she was guilty of burglary as defined in the charge, if they had any doubt as between the two counts, to find her guilty only of the count in which the lesser penalty is affixed by law, and they give her the lowest penalty. As before stated, she was found in possession of the stolen goods, and admitted

she had broken into the house. Under this state of facts we do not think such error was committed as should call for a reversal of this case. See article 723 of the Code of Criminal Procedure, and authorities thereunder cited in White's Procedure.

The motion for rehearing is granted and the judgment is now affirmed

*Affirmed.*