### Dock Hampton v. The State.

No. 1243. Decided June 23, 1911.

**1.—Murder—Manslaughter—Bills of Exception.**

Where, upon a conviction of manslaughter, it appeared from the record that no bills of exception had been reserved to questions propounded by the State and argument of State's counsel, the same could not be considered.

**2.—Same—Misconduct of Jury.**

Where, upon appeal from a conviction of manslaughter, the alleged misconduct of the jury was not verified in the record, the same could not be considered.

**3.—Same—Bills of Exception.**

Where the matter is not verified by bills of exception it can not be considered on appeal.

**4.—Same—Charge of Court—Murder.**

Where the defendant was acquitted of murder and convicted of manslaughter he could not complain of the court's charge on murder.

**5.—Same—Charge of Court—Manslaughter.**

Where, upon trial of murder, the evidence justified a charge on manslaughter, there was no error.

Appeal from the District Court of Smith. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The testimony for the State showed that during a negro picnic a lot of them engaged in a general fight, in which deceased and defendant were included, although the altercation began between other parties, one of whom was defendant's sister-in-law; that immediately after this fight the deceased said that he wanted to see the defendant to stop the fight, etc., when the difficulty began between them; that the deceased had a child in one arm and box of candy in the other, and said that he didn't want to have any fight; that about this time the defendant struck deceased with his pistol, and afterwards shot him twice, from which the deceased died; that deceased was not

armed and not doing anything; that during the shooting the fight between the other negroes continued. Witnesses for the State as well as the defendant differed somewhat in relating the facts.

Some of defendant's witnesses testified that the deceased ran his hand in his pocket and got his knife and said, "Let's go and settle it with Dock," and started towards him cutting him with the knife, etc.; others testified that he struck at defendant, but didn't know whether he had a knife or not; that deceased's father was also in the difficulty and struck at defendant after the shooting when defendant shot at him, etc.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter and given two years in the penitentiary.

There are no bills of exception contained in the transcript. The motion for new trial suggests several reasons why the judgment should be reversed.

1. The first ground of the motion refers to the action of the court permitting the district attorney to ask certain questions eliciting certain facts from the defendant while he was testifying. The second and third grounds refer to the closing argument of the district attorney. These matters can not be considered because not verified by bills of exception. They are simply stated as grounds of the motion for new trial.

2. The fourth ground of the motion for new trial alleges misconduct on the part of the jury in their retirement in reaching their verdict. This is not verified in any way and can not be considered.

3. A special charge was asked and refused to the effect that the jury be instructed to disregard the remarks of the district attorney and private prosecutor as to any conspiracy in the case, and they further asked that the jury be instructed that they could not consider same for any purpose. This refers to bills Nos. 4 and 5, but they are not in the record. Therefore, these matters can not be considered. These matters are only stated as grounds of the motion and in no manner verified.

4. The sixth ground of the motion for new trial is a criticism of the court's charge on murder in the first degree. Appellant was acquitted of murder of the first and second degrees.

5. The seventh ground of the motion for new trial criticises "those portions of the main charge wherein it submitted to the jury the issue of manslaughter, for the reason that there was no evidence introduced upon the trial of this cause showing or tending to show any of the requisites of said offense; and was highly prejudicial to the defendant, in that the submission of said charge authorized and

induced the jury to assess that grade of homicide of which the defendant could not, under the testimony, have been guilty, and by giving this charge appellant's right of self-defense was prejudiced in the minds of the jury." We are of opinion that the facts justified the charge, and that there was no error in so instructing the jury.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*