### ABE EVANS V. THE STATE.

No. 1863. Decided June 5, 1912.

**Attempt to Rob—Charge of Court—Words and Phrases.**

While it was improper to include words in the charge which were not alleged in the indicment, upon trial of attempt to rob, yet the same was harmless error as it placed a greater burden upon the State than was necessary; besides there was no statement of facts.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of attempt to rob; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted for an attempt to rob D. O'Leary on June 26, 1911, and his penalty fixed at ten years in the penitentiary.

There is neither a statement of facts nor bill of exceptions in the record. There is but one question raised upon which we can pass.

The indictment is in three counts; first, charging an assault with intent to kill; second, for an attempt to rob. This second count, after the formal part, is that said appellant "did then and there unlawfully make an assault in and upon D. O'Leary and by said assault and by violence to the said D. O'Leary and by putting the said D. O'Leary in fear of his life and bodily injury did then and there attempt fraudulently to take from the person and possession of the said D. O'Leary personal property of the said D. O'Leary with the intent then and there of him, the said Abe Evans, to appropriate the said property to his own use." The third count alleges an attempt to rob by using and exhibiting a firearm, to wit, a gun.

The court in the charge stated to the jury that the indictment against the appellant was for the offense of assault with intent to rob, correctly defining an assault, an assault and battery and robbery in accordance with Penal Code, article 1327; then gave article 1030, Penal Code, as defining the offense of an assault with intent to commit robbery. Then followed this:

"The indictment in this case charges the offense as an assault with the intent to rob by violence and putting in fear of death or bodily injury.

"Now, I charge you that if you believe from the evidence, beyond a reasonable doubt, that the defendant did, as charged in the indictment on or about the 26th day of June, 1911, in the county of Dallas, and State of Texas, unlawfully make an assault upon said D. O'Leary as assault is hereinbefore defined, *and did then and there exhibit a firearm, to wit, a gun, to said D. O'Leary,* with the intent, then and there, by such assault and violence and putting in fear of death or bodily injury, to fraudulently take from the person and possession of the said D. O'Leary personal property of the said D. O'Leary with the intent then and there to appropriate the said property to his own use, then you will find the defendant guilty as charged, and assess his punishment at confinement in the penitentiary not less than two and not more than ten years."

The appellant contends that this last paragraph just above quoted of the court's charge was error in that it had therein the words above italicized, to wit; "and did then and there exhibit a firearm, to wit, a gun, to said D. O'Leary" and claims that thereby was included a part of the definition of the offense, or essential element necessary to be found without any limitation as to how he exhibited the gun, or whether it caused O'Leary to be put in fear of death or bodily injury and was upon the weight of the evidence, and because before the trial began the third count in the indictment was abandoned and dismissed by the county attorney.

As to this latter objection, the record nowhere shows that the county attorney had abandoned or dismissed the third count.

We think that the charge of the court in including the words italicized and specially quoted above may have been improper—without a statement of facts we can not tell. Code Criminal Procedure, article 743 (723); Schrewder v. State, 60 Texas Crim. Rep., 659, 136 S. W. Rep., 1200; Green v. State, 32 Texas Crim. Rep., 298; Fox v. State, 62 Texas Crim. Rep., 430, 138 S. W., 413; Hampton v. State, 63 Texas Crim. Rep., 100, 138 S. W. Rep., 1019, and the cases cited in the Schrewder case above. But we are further of the opinion that it had no effect whatever on the jury, if error, because by their verdict they excluded any assault with a gun. Their verdict is, "We, the jury, find the defendant guilty as charged in the second count of the indictment, and assess his punishments, etc."

It will be seen that by the latter paragraph of the court's charge, above quoted, every element of the offense of an assault with intent to rob is submitted and required to be found by the jury before a conviction could be had and perhaps an additional burden was put upon the State to also require them to believe that the appellant exhibited a gun to said O'Leary. It is the established law in this State that an erroneous charge which is beneficial to the accused and which requires a greater burden upon the State than is necessary is not ground for reversal. See section 807 and cases therein collated by Judge White in his Ann. Code Criminal Procedure. And besides, no reversible error is shown in the absence of a statement of facts. See section 846 White's Ann. Code Criminal Procedure.

There is nothing else raised in the record that we can consider without a statement of facts. The judgment is affirmed.

*Affirmed.*