Clifton Delaney WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51265.

Court of Criminal Appeals of Texas.

March 31, 1976.

Rehearing Denied April 28, 1976.

Arthur J. Brender, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Jerry Buckner, Bill A. Leonard and Robert S. Williams, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for robbery; the punishment, enhanced by proof of a prior conviction, is imprisonment for life.

The appellant asserts in four grounds of error that the court committed fundamental error by erroneously instructing the jury that it could find the appellant guilty on a theory not charged in the indictment. Also, it is urged that the appellant's appointed trial counsel was ineffective. Although there is no contention that the evidence is not sufficient to sustain the conviction, a brief preliminary summary of the facts will help in understanding the appellant's grounds of error.

The appellant testified in the guilt-innocence phase of the trial. After giving testimony concerning prior convictions he made a full judicial confession of his guilt. He related details concerning his family's eco-

nomic plight and then said that he had "a little old black pistol" which he put in his pocket and went out trying to get some money. As he was walking near a Church's Fried Chicken establishment he testified: "I needed some money. Well, I just robbed this place and got some money. I had a little black pistol in my pocket. I didn't have a mask on as Miss Richardson explained, and well—I pulled my little black pistol out and told her to give me money. And she gave it to me and I left."

The complainant identified the appellant as the man who had committed the robbery and said she had seen him at the place where she was robbed on two other occasions. She testified that when the appellant pointed the pistol at her she was in fear of imminent bodily injury or death. There is no evidence that the complainant received any kind of bodily injury.

The appellant was charged by indictment with committing the offense of aggravated robbery under the provisions of V.T.C.A. Penal Code, Sec. 29.02(a)(2) and Sec. 29.-03(a)(2) in the following language:

". . . did then and there by using and exhibiting a deadly weapon, to-wit: a handgun, intentionally and knowingly threaten and place Shirley Ann Richardson in fear of imminent bodily injury and death."

The indictment did not charge the appellant with intentionally, knowingly or recklessly causing bodily injury to the complainant. [V.T.C.A. Penal Code, Sec. 29.02(a)(1)], and it did not charge the appellant with causing serious bodily injury to the complainant [V.T.C.A. Penal Code, Sec. 29.-03(a)(1)].

The court instructed the jury in paragraphs 4 and 5 of the charge as follows:

"4.

"Now if you find from the evidence beyond a reasonable doubt that on or about the 25th day of May, 1974, in Tarrant County, Texas, the defendant, Clifton Delaney Williams, did, without the effective consent of Shirley Ann Richardson, the owner, take and exercise control over the corporeal personal property of Shirley Ann Richardson, to-wit: money, from the possession of Shirley Ann Richardson, with intent then and there to deprive Shirley Ann Richardson, of said money, and that said defendant, in so doing, and with intent to acquire and maintain control of said money, intentionally, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant caused serious bodily injury to Shirley Ann Richardson or defendant used or exhibited a deadly weapon, to-wit: a gun, then you will find defendant guilty of aggravated robbery as charged in the indictment.

"5.

"If you find from the evidence that the defendant committed the offense of robbery, as herein defined, but you have a reasonable doubt as to whether he caused serious bodily injury to Shirley Ann Richardson or as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the defendant guilty only of robbery and not of aggravated robbery. If you have a reasonable doubt as to whether the defendant is guilty of any offense, that is, aggravated robbery or robbery, then you will acquit the defendant and say by your verdict not guilty."

The jury found the appellant guilty of robbery, not aggravated robbery, so we need only consider the instruction on robbery. In construing paragraphs 4 and 5 of the charge, it is obvious the jury had an alternative to find the appellant guilty if it found he had intentionally, knowingly or recklessly caused bodily injury to the complainant. This was a theory not charged in the indictment. The charge was erroneous in this respect.

We must determine whether this erroneous instruction was fatally defective in the circumstances here presented. See Article 36.19, V.A.C.C.P., which provides:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial."

At the time of trial there was no objection to the charge on the grounds now urged and no specially requested charge was presented to the court. See Articles 36.14 and 36.15, V.A.C.C.P. Furthermore, it is highly unlikely that the jury was confused or misled because there was no evidence that the complainant received any bodily injury. In addition, the evidence is amply sufficient to support a conviction for the greater offense of aggravated robbery. In the circumstances presented by the facts of this case we hold the giving of the erroneous charge was not reversible error. Article 36.19, V.A.C.C.P. Cf. *Fox v. State*, 62 Tex.Cr.R. 430, 138 S.W. 413 (1911); *Evans v. State*, 67 Tex.Cr.R. 35, 148 S.W. 573 (1912).

We also reject the appellant's remaining contention that his trial counsel was ineffective because he failed to object to the court's charge on the same grounds which have been urged on appeal and which have been previously discussed. The adequacy of an attorney's services must be gauged by the totality of the representation. *Lee v. State*, 505 S.W.2d 816 (Tex.Cr. App.1974); *Williams v. State*, 513 S.W.2d 54 (Tex.Cr.App.1974). The appellant made a full and complete judicial confession and, as already pointed out, the evidence is amply

sufficient to have supported a conviction for the greater offense of aggravated robbery. Having reviewed the entire record in light of the holdings of this Court, we find the appellant received effective assistance of counsel.

The judgment is affirmed.

ONION, P. J., concurs in result.