Vernon JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 58600.

Court of Criminal Appeals of Texas, Panel No. 3.

June 14, 1978.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ROBERTS, Judge.

Appellant was convicted by a jury for aggravated robbery. The jury assessed punishment at imprisonment for 15 years.

The record is before us without a transcription of the court reporter's notes. No brief was filed in the trial court pursuant to Art. 40.09(9), Vernon's Ann.C.C.P., and none has been filed here. Nevertheless, we must reverse the judgment below, because the trial court, in applying the law to the facts in his charge to the jury, authorized

them to convict appellant on a theory not alleged in the indictment. See Art. 40.-09(13), Vernon's Ann.C.C.P.

The indictment alleged that appellant committed the offense of aggravated robbery under V.T.C.A., Penal Code, Secs. 29.-02(a)(2) and 29.03(a)(2). In pertinent part it alleged that appellant did, "while in the course of committing theft, knowingly and intentionally place Marietta Jo Mosley in fear of imminent bodily injury by exhibiting a deadly weapon, namely, a handgun, with intent to obtain control of money of the United States, the property of Marietta Jo Mosley, without her effective consent and with the intent to deprive her of her property, . . . ."

In its charge to the jury the trial judge authorized the jury to convict appellant not only if it found that appellant committed aggravated robbery under Secs. 29.02(a)(2) and 29.03(a)(2), but also allowed them to convict appellant if they found he committed aggravated robbery under V.T.C.A., Penal Code, Secs. 29.02(a)(1) and 29.03(a)(1). In applying the law to the facts, the trial court instructed the jury as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 10th day of July, 1977, in Gregg County, Texas, the Defendant, VERNON JONES, with intent to deprive Marietta Jo Mosley, the owner, of her personal property, to-wit, money belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Marietta Jo Mosley said money belonging to Marietta Jo Mosley, and that the Defendant, in so doing, and with intent to obtain or maintain control of said money, then and there intentionally, knowingly, or recklessly caused bodily injury to said Marietta Jo Mosley, or the Defendant then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the Defendant, in committing the foregoing acts, if you do so find, caused serious bodily injury to Marietta Jo Mosley or that, Defendant used or exhibited a deadly weapon, to-wit, a handgun, then you will find the Defendant guilty of aggravated robbery as charged in the Indictment."

Under our recent decisions in *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977), and *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977), the trial court's charge, which authorized a conviction for either of the two different modes of committing aggravated robbery when only one was alleged, constituted reversible error. See also *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App.1976); *Johnson v. State* (Tex.Cr.App., decided April 12, 1978); *Cleland v. State* (Tex.Cr.App., decided April 12, 1978).

The judgment is reversed, and the cause is remanded.