Vernon Glenn ALEXANDER,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 58809.

Court of Criminal Appeals of Texas,
Panel No. 1.

Dec. 13, 1978.

On Rehearing May 23, 1979.

John Mustachio, Houston, for appellant.

Before DOUGLAS, PHILLIPS and W. C.
DAVIS, JJ.

OPINION

DOUGLAS, Judge.

The conviction is for aggravated robbery.
Punishment was assessed at eight years.

The record contains no transcript of the evidence or statement of facts. Without any evidence, this Court cannot determine if errors in the charge constitute reversible error. It has been the rule that, absent a statement of facts, objections to the charge or exception to the trial court's refusal to give requested charges will not be considered on appeal. *Creech v. State*, 170 Tex.Cr.R. 563, 342 S.W.2d 757 (1961); *Conwell v. State*, 258 S.W.2d 86 (Tex.Cr.App. 1953), and *Moore v. State*, 146 Tex.Cr.R. 342, 175 S.W.2d 76 (1943). See Texas Digest, Criminal Law, ☞1090(14), for many other cases to the same effect.

In the present case there is no objection to the charge. Nothing was raised on appeal and nothing is before us for review.

The judgment is affirmed.

PHILLIPS, Judge, dissenting.

I dissent. The majority conveniently fails to point out the recent cases of this Court which demonstrate that the type of error that is self-evident from a comparison of the indictment and the trial court's charge is one reviewable in the interest of justice absent trial or appellate objection. *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr. App.); *Jones v. State*, 566 S.W.2d 939 (Tex. Cr.App.); *Edmond v. State*, 566 S.W.2d 609 (Tex.Cr.App.); *Smith v. State*, 570 S.W.2d 958 (delivered September 20, 1978); *Armstead v. State*, 573 S.W.2d 231 (delivered November 15, 1978).

As in the above cases, the indictment here charges aggravated robbery under V.T.C.A., Penal Code, Sections 29.02(a)(2) and 29.03(a)(2), while the court's charge authorized the jury to convict appellant if they found he violated Sections 29.02(a)(2), 29.03 *(a)(1)* or (a)(2). Thus, a theory for commission of the offense not alleged was submitted to the jury for its consideration. This procedure has repeatedly been condemned recently as "fundamental error." *Davis v. State*, 557 S.W.2d 303 (Tex.Cr. App.); *Plunkett v. State*, 580 S.W.2d 815 (1978); *Jones v. State*, supra; *Edmond v. State*, supra; *Robinson v. State*, supra; *Smith v. State*, supra; *Armstead v. State*, supra.

The above-referenced opinions, when read in conjunction with Judge Vollers' dissent to the denial of the State's motion for leave to file a motion for rehearing in *Brewer v. State*, 572 S.W.2d 940 (denied November 15, 1978), demonstrate that this Court deems the statement of facts unnecessary to a determination of reversible error in this narrow circumstance. Thus, the majority's effort to dodge the issue bodes ill for the equal-handed administration of justice we strive for.

Finally, the majority opinion ignores the appellant's Motion to Abate [the] Appeal pending preparation and inclusion of the statement of facts in the record. The record before us contains a post-conviction affidavit of indigency and an order of the trial court commanding the preparation of a statement of facts. The record contains only a statement of facts from the sentencing proceeding. The court reporter certifies it to be a complete transcription of the "sentencing" proceeding. There is no motion or request to have the trial proceedings reported by the court reporter in the record. See Article 40.09(4), V.A.C.C.P.; *Palka v. State*, 435 S.W.2d 525 (Tex.Cr.App.). There are no objections to the record. See Article 40.09(7), V.A.C.C.P. The motion to abate the appeal should be denied. However, denial of this motion should not affect the determination of the first issue discussed herein in the interest of justice [Article 40.09(13)], notwithstanding the absence of a record showing whether the error identified was objected to.

Again, I dissent.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

The conviction is for aggravated robbery and the punishment assessed is eight years.

On original submission it was held by the panel that, absent a transcription of the evidence or statement of facts, appellant's complaint about the charge would not be considered on appeal. The holding on original submission is contrary to a prior decision of a panel of this Court in *Jones v. State*, 566 S.W.2d 939.

In the instant case, the indictment in charging the offense of aggravated robbery alleged in pertinent part that appellant:

"while in the course of committing theft of cash money owned by Dale Watson, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely a pistol."

The indictment and charge herein appear to be identical in pertinent parts to the indictment and charge in *Jones*. As in *Jones*, the court authorized the jury to convict appellant not only if it found that appellant committed aggravated robbery under V.T.C.A. Penal Code, Secs. 29.02(a)(2) and 29.03(a)(2), as charged in the indictment, but also allowed the jury to convict appellant if they found he committed aggravated robbery under V.T.C.A. Penal Code, Secs. 29.02(a)(1) and 29.03(a)(1). In applying the law to the facts, the trial court instructed the jury in the instant case as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 14th day of October, 1976 in Harris County, Texas, the defendant, Vernon Glenn Alexander, Jr., with intent to deprive Dale Watson, the owner, of his personal property, to wit, cash money belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from Dale Watson said cash money belonging to Dale Watson, and that the defendant, in so doing, and with intent to obtain or maintain control of said cash money, then and there intentionally, knowingly, or recklessly caused bodily injury to said Dale Watson or the defendant then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing

acts, if you do so find, caused serious bodily injury to Dale Watson or that the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find defendant guilty of aggravated robbery, as charged in the indictment."

After it was noted in *Jones* that the record was "before us without a transcription of the court reporter's notes," it was stated, "Nevertheless, we must reverse the judgment below, because the trial court in applying the law to the facts in his charge to the jury, authorized them to convict appellant on a theory not alleged in the indictment." See *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371; *Davis v. State*, Tex.Cr. App., 557 S.W.2d 303.

The State in replying to appellant's motion for rehearing calls our attention to the jury's finding that the appellant was "guilty as charged in the indictment." This argument overlooks the court's charge which authorized the jury to find the appellant "guilty of aggravated robbery, as charged in the indictment" under either theory set forth in the charge.

The above authorities and cases cited therein dictate that reversible error is committed when a trial court's charge authorizes a conviction for either of the two different modes of committing aggravated robbery when only one was alleged in the indictment.

The appellant's motion for rehearing is granted. The judgment is reversed, and the cause remanded.

DOUGLAS, DALLY and W. C. DAVIS, JJ., dissent.