**Earthel B. HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57531.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 7, 1979.

---

Steven E. Halpin (court appointed on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., Lupe Salinas and Victor A. Driscoll, Asst. Dist. Attys., Houston, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated robbery; the punishment, enhanced by proof of two prior convictions, is imprisonment for life.

In this case, as in *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); *Jones v. State,* 566 S.W.2d 939 (Tex.Cr.App. 1978); *Brewer v. State,* 572 S.W.2d 940 (Tex.Cr.App.1978); *Gooden v. State,* 576 S.W.2d 382 (1979) (Opinion on Appellant's Motion for Rehearing), and a number of other recent decisions, the instructions submitted to the jury authorized conviction for the offense charged in the indictment, but also authorized conviction for the offense committed by means other than that charged in the indictment. This is error. In *Williams v. State,* 535 S.W.2d 352 (Tex. Cr.App.1976), this was held to be error, but not to require reversal of the judgment. There were no objections at the time of trial to the erroneous instructions in the instant case. However, the majority of this Court has now held that it is fundamental error and that reversal is necessary even though no objection was made to the jury instructions in the trial court. Although the author of this opinion does not agree with the majority, see *Gooden v. State,* supra (Concurring Opinion on Appellant's Motion for Rehearing) and *Clements v. State,* 576 S.W.2d 390 (1979), under the holdings of the majority the judgment must here be reversed.

The judgment is reversed and the cause remanded.