**Alfred WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56622.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 21, 1979.

J. R. Musslewhite, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Skip Cornelius, Asst. Dist. Attys., Houston, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated robbery; punishment was assessed at imprisonment for eight years.

In this case, as in *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); *Jones v. State,* 566 S.W.2d 939 (Tex.Cr.App. 1978); *Brewer v. State,* 572 S.W.2d 940 (Tex.Cr.App.1978); *Gooden v. State,* 567 S.W.2d 382 (Tex.Cr.App.1979) (Opinion on Appellant's Motion for Rehearing), and a number of other recent decisions, the instructions submitted to the jury authorized conviction for the offense charged in the indictment, but also authorized conviction for the offense committed by means other than that charged in the indictment. This is error. In *Williams v. State,* 535 S.W.2d 352 (Tex.Cr.App.1976), this was held to be error, but not to require reversal of the judgment. There were no objections at the time of trial to the erroneous instructions in the instant case. However, the majority of this Court has now held that it is fundamental error and that reversal is necessary even though no objection was made to the jury instructions in the trial court. Although the author of this opinion does not agree with the majority, see *Gooden v. State,* supra, (Concurring Opinion on Appel-lant's Motion for Rehearing) and *Clements v. State,* 576 S.W.2d 390 (Tex.Cr.App.1979) under the holdings of the majority the judgment must here be reversed.

The judgment is reversed and the cause remanded.