Linda Kay THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60149.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 28, 1979.

James H. Kreimeyer, Belton, for appellant.

Patrick J. Ridley, County Atty., and John A. Phinizy II, Asst. County Atty., Belton, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

Appellant was convicted of prostitution in a trial before a jury. Punishment was assessed at $500.00 and 180 days in county jail. One ground of error is raised in this appeal.

The information in this case alleged in pertinent part that appellant:

"did knowingly and intentionally offer to engage in sexual conduct, to-wit: sexual intercourse, with Robert D. Meeker, for a fee payable to the said Linda Kay Thompson . . ."

In his charge to the jury, the judge defined "sexual conduct" to include deviate sexual intercourse, sexual contact, and sexual intercourse. In applying the law to the facts, the court charged the jury as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 6th day of August, 1977, in Bell County, Texas, the defendant, Linda Kay Thompson, did knowingly and intentionally offer to engage in sexual conduct with Robert D. Meeker, for a fee payable to the said Linda Kay Thompson, then you will find the defendant guilty of prostitution as charged."

Appellant contends that the above charge authorized the jury to convict if it found that she offered to engage in (1) deviate sexual intercourse, (2) sexual contact, or (3) sexual intercourse, while the information only charged that she offered to engage in sexual intercourse. Thus, appellant contends that the trial court committed fundamental error by charging the jury on a theory not alleged in the information.

The information in this case alleged a violation of V.T.C.A. Penal Code, Section 43.02(a)(1),[1] but did so by alleging specifically that the sexual conduct involved was sexual intercourse. Thus, appellant was brought to trial on that specific charge. By instructing the jury that sexual conduct means all three definitions set out in V.T.C.A. Penal Code, Section 43.01(4), and then authorizing conviction on a finding that appellant offered to engage in "sexual conduct," the trial court did authorize the jury to convict on a theory not alleged in the indictment. We have held that such a charge is fundamentally defective regardless of whether an objection to the charge was made. *Moore v. State,* 574 S.W.2d 553 (Tex.Cr.App.1978); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977).[2]

For this reason the judgment below is reversed and the cause is remanded.

DALLY, Judge, concurring.

There was no objection to the court's charge before it was submitted to the jury.

After a thorough review of the record I am of the opinion that the appellant was not harmed by the court's charge which was submitted to the jury. However, I concur in the reversal of this judgment because the disposition of the appeal is controlled by a number of decisions including *Gooden v. State,* 567 S.W.2d 382 (1979); *Brewer v. State,* 572 S.W.2d 940 (Tex.Cr.App.1978); *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977).

My view, which is not in accord with the majority of this Court, is expressed in *Gooden v. State,* supra (Concurring Opinion); *Hill v. State,* 576 S.W.2d 642 (1979); *Williams v. State,* 577 S.W.2d 241 (1979); *Williams v. State,* 535 S.W.2d 352 (Tex.Cr.App.1976).

I concur in the disposition of this appeal.

W. C. DAVIS, J., joins.

1. The statute provides:
   (a) A person commits an offense if he knowingly:
      (1) offers to engage, agrees to engage, or engages in sexual conduct for a fee.

2. In deference to views of my brethren who now only reluctantly concur with the *Robinson* rule—as in, e. g., concurring opinion on motion for rehearing in *Gooden,* 567 S.W.2d 382 (1979) —it is observed that the record contains some evidence from which the jury could have inferred an offer to engage in deviate sexual intercourse or sexual contact. Appellant was in the company of another female on the evening in question and, according to the witness who testified to the alleged solicitation, "They asked me if I was looking *to party*" and in the ensuing conversation in which the witness offered to pay $15.00 and asked, in effect, what it would buy, appellant asked *"What do you want?"* That the conversation later more or less settled on a specific act does not detract from the initial suggestions of deviate sexual intercourse or sexual contact. Moreover, for this Class B misdemeanor offense for which the maximum sentence is 180 days in jail and a fine not to exceed $1,000, the jury assessed punishment at the full 180 days and a fine of $500 for this appellant whose sworn application for probation stated that she had never before been convicted of a felony or misdemeanor above Class C misdemeanor and had not been granted probation in the preceeding five years.