Antonio CERVANTES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44283.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

---

T. P. Henley, San Antonio (on appeal only), for appellant.

Ted Butler, Dist. Atty., Charles Campion, and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The appeal is from a conviction for the offense of burglary; punishment assessed by the court at 3 years.

■ The sufficiency of the evidence is challenged.

Appellant entered a plea of guilty to the offense charged. Pursuant to Article 1.15, Vernon's Ann.C.C.P., the state offered written stipulations of testimony, such stipulations were agreed to by the appellant in writing in open court and approved by the trial judge. The stipulations reflect that on May 30, 1970, Officer Briggs, of the San Antonio Police Department, received a call for a silent burglar alarm at the City Lumber Company in San Antonio. Upon arrival at that location he encountered the appellant and a juvenile companion coming over the fence enclosing the lumber yard. The building and a coke machine inside bore signs of forcible entry. A kitchen knife and $5.70, all in dimes, nickels and some pennies, were recovered from appellant's companion. Latent fingerprints lifted from inside at the point of entry into the building were found to be identical to appellant's fingerprints. An affidavit of the owner of the lumber yard stated that the premises were broken into without his consent and that corporeal personal property therein being and belonging to him and in his possession was taken from him without his consent.

The evidence is sufficient to support the conviction.

■ Appellant's contention that "the indeterminate sentence law under which this Appellant was sentenced was unconstitutional, in that, it is too vague, indefinite, and uncertain," is without merit. McSwain v. State, Tex.Cr.App., 403 S.W.2d 432.

The judgment is affirmed.