**Milton Carl McNIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58443.**

Court of Criminal Appeals of Texas, Panel No. 3.

April 16, 1980.

Rehearing Denied June 11, 1980.

Roy Nicholas Hearne, Kilgore, for appellant.

Odis R. Hill, Dist. Atty. and Quita Russell, Alvin G. Khoury, Asst. Dist. Attys., Longview, and Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at 20 years' imprisonment in the Department of Corrections. Appellant asserts that the trial court's charge to the jury authorized a conviction on a theory different than that alleged in the indict-

ment so that fundamental error is present. We agree and reverse.

The indictment alleged that appellant did "knowingly and intentionally place Hattie Hamm in fear of imminent bodily injury." In his charge to the jury, however, the court authorized a conviction upon a finding that appellant did "intentionally, knowingly, or recklessly cause bodily injury to said Hattie Hamm or the defendant then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death. . . ."

As we stated in *Jones v. State,* 566 S.W.2d 939 (Tex.Cr.App.1978),

"The trial court's charge, which authorized a conviction for either of the two different modes of committing aggravated robbery when only one was alleged, constituted reversible error."

The judgment is reversed, and the cause is remanded.

DALLY, J., dissents.
Before the court en banc.

## DISSENTING OPINION OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

DOUGLAS, Judge.

The majority denies leave for the State to file a motion for rehearing. The opinion of the panel in effect holds that fundamental error was committed in the charge to the jury. The indictment alleged that appellant did knowingly and intentionally place Hattie Hamm in fear of imminent bodily injury. The charge authorized the jury to convict if appellant intentionally or knowingly or recklessly caused bodily injury to Hattie Hamm or if he intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death.

There was no proof that there was any bodily injury. The jury was not misled by the charge. Counsel for appellant was not misled because there was no objection to the charge.

Portions of the supplemental brief prepared by the Honorable Alvin G. Khoury, Assistant District Attorney of Gregg County, is adopted as a part of this opinion:

"The claim of Appellant that the charge was fundamentally erroneous is based on this Court's holding in *Jones v. State,* (Tex. Crim.App.1978), 566 S.W.2d 939, which decision of the Court was the apparent outgrowth of the Court's holdings in several cases; namely, *Robinson v. State,* (Tex. Crim.App.1977), 553 S.W.2d 371, and *Davis v. State,* (Tex.Crim.App.1977), 557 S.W.2d 303. Other cases expressing similar views are: *Johnson v. State,* (Tex.Crim.App.1978), 573 S.W.2d 778; *Cleland v. State,* (Tex. Crim.App.1978), 575 S.W.2d 296; *Whitlow v. State,* (Tex.Crim.App.1978), 567 S.W.2d 522; and *Dowden v. State,* (Tex.Crim.App. 1976), 537 S.W.2d 5.

"In responding to Appellant's claim of fundamental error Appellee frankly admits that the cases above-cited, for the most part, support Appellant's position. Faced with these holdings, it is the position of Appellee that such holdings should no longer be given vitality and should be expressly overruled. The writer will, therefore, attempt to advance in this Brief sound legal argument and precedent for the overruling of these cases.

"The doctrine of 'fundamental error' is, of course, not of recent vintage. To the contrary, it is espoused in *Moore v. State,* (Tex.Crim.App.1918) [84 Tex.Cr.R. 256], 206 S.W. 683. It is again espoused in *Ross v. State,* (Tex.Crim.App.1972), 487 S.W.2d 744. Whatever validity these two (2) cases might have had was seemingly put to rest by the unmistakable holdings of this Court in *Williams v. State,* (Tex.Crim.App.1976), 535 S.W.2d 352, and *Smith v. State,* (Tex.Crim. App.1976), 541 S.W.2d 831. In *Williams,* the Court speaking through then Commissioner Dally (opinion approved by the Court and result concurred in by Judge Onion), held the very type of charge now being assailed as fundamental error to be nothing more than error which could be, and was in fact, waived by the failure to make timely objection to the charge given. In *Smith,* supra, the Court, at page 839, said:

" 'This paragraph in applying the law to the facts has the jury to believe beyond a reasonable doubt that appellant used or threatened to use deadly force with the intent to terrorize or inflict bodily injury or facilitate the commission of a felony as charged in the indictment. It is unlikely that the jury could have been confused by the general definition of aggravated kidnapping in Paragraph I since no evidence was presented concerning the other possible types of kidnapping. This Court should consider the charge as a whole. . . . We hold that the charge considered in its entirety does not present reversible error. . . . *Appellant was apparently satisfied with the charge because he did not object to it.*

" 'Appellant also complains *for the first time on appeal* of the same definition of aggravated kidnapping set out in paragraph I of the charge and of the paragraph which applied the law of parties. *For the reasons set out above in the previous contention about the charge, no reversible error is shown.*'

The Court was thereby giving effect to Article 36.19, V.A.C.C.P., which provides:

" 'Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 have been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. *All objections to the charge and to the refusal of special charges shall be made at the time of trial.*'

However, just one short year later, this Court without ever expressly overruling *Williams* and *Smith*, supra, seemingly judicially legislated (albeit unintentionally) Article 36.19 out of existence. With the apparent demise of Article 36.19 there came a result which this Court surely did not contemplate; that is, learned trial Judges were being 'sand-bagged' in contravention of the plain terms of Article 36.19 and of the previously clearly expressed legislative intent to prevent such results. The learned trial judges were entitled, it is submitted, to rely upon this protective language of Article 36.19 and the clear pronouncements of this Court in *Williams* and *Smith*, supra. The language of the statute does not, either expressly or impliedly, exempt so-called 'fundamental error' from its terms. Had the Legislature of this State so intended it would seem reasonable that it would have availed itself of the opportunity. It would follow, therefore, that the Legislature had no such intention.

"This writer is frankly bewildered as to why the particular error in the charge given in this cause is given the status of fundamental error. Seemingly, the Court is saying that anytime the charge does not correspond precisely to the theory alleged in the Indictment, then fundamental error has been committed. To illustrate the difficulty encountered by such a theory, one need only consider the following example:

"The defendant in a criminal case is charged in the Bill of Indictment to have engaged in a particular course of conduct intentionally *and* knowingly. In its charge to the jury, the Court authorizes the jury to convict if the act was done intentionally *or* knowingly.

In the example given the Indictment charged as the theory relied upon to convict that the conduct was both intentionally and knowingly done, whereas the charge, contrary to that theory, authorized a conviction if the conduct was engaged in *either* intentionally or knowingly. Were the holdings of *Robinson*, supra, and its progeny, given effect, then fundamental error would have been committed. Yet that is not the case and this Court has not so held. To the contrary, in *Cowan v. State*, (Tex.Crim.App. 1978), 562 S.W.2d 236, this Court held it to be error which must be timely objected to if reversal were to follow. This line of thought is predominant in *Carrillo v. State*, (Tex.Crim.App.1978), 566 S.W.2d 902, and *Dowden*, supra. In *Carrillo*, the Court states:

" 'At the outset, it must be noted that appellant does not claim that an objection

was made to this portion of the charge and a review of the record reveals that no objection was made. *That being the case, the test to be applied in considering this alleged error is whether the inclusion of this matter in the charge was calculated to injure the rights of appellant or if because of the inclusion of this matter appellant did not receive a fair and impartial trial. Arts. 36.14 and 36.19.*

" 'The cases cited by appellant in support of his contention are readily distinguishable. . . . *In the case sub judice, appellant did not object to the charge and the charge permitted appellant to be found guilty of an offense as that offense is statutorily defined.*

" ' * * *

" ' 'Savant v. St., [Tex.Cr.App.], 544 S.W.2d 715 [408], is a case quite similar to the present case, with one important exception. . . . *The important difference in that case and the case sub judice is that there the defendant objected in a timely manner and here appellant raised his objection for the first time on appeal.*

" ' 'Under our holding in *Savant,* had appellant objected to this portion of the charge and the court had gone ahead and charged as it did, we would be constrained to find reversible error. *However, appellant did not object and thereby call this error to the court's attention as required by Art. 36.14, C.C.P., and we do not find the error to be of such a fundamental nature as to require reversal. See and cf. Art. 36.19, C.C.P.'*

In *Dowden, supra,* in footnote 2 of the Opinion authored by Judge Odom, the requirement of timely objection is noted, as follows:

" ' 'In *Williams v. State,* Tex.Cr.App., 535 S.W.2d 352 (1976), Art. 36.19, V.A.C.C.P., was given application because there was not proper objection to the charge. In the instant case there was proper objection.'

Many holdings of this Court have taught us that valuable constitutional rights accorded all criminal defendants can be waived by failure to timely object. Failure to object

to introduction of a confession not taken in strict compliance with applicable state statutes has been held to be waiver of the error. Failure to timely object to introduction of evidence obtained by means of unreasonable search and seizure is waiver of the error. Failure to give timely notice of appeal has been held a waiver of the valuable right of appeal. Failure to object to the Court holding a hearing on Defendant's uncontroverted Motion for Change of Venue has been deemed waiver. This Court can readily fathom many other instances of waiver and to enumerate them here will only serve to unduly lengthen this Brief and further infringe upon this Court's valuable time. Faced with these may examples, we must ask ourselves, what is it that deprives those situations of the status of fundamental error and accords such a status to an error in the charge of the nature herein considered?

"Of equal concern must be the results that strict adherence to *Robinson, supra,* and its progeny, will produce. By attaching the label 'fundamental error' to the charge in this case, the Court seemingly is placing it on the same plane as a fundamentally defective indictment. To do so is to invite collateral attacks on innumerable judgments of conviction. . . .

"In cases involving charges of the nature being assailed herein by Appellant, it is respectfully submitted that this Court should require strict adherence to the provisions of Article 36.19, V.A.C.C.P. Reversal should not follow unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.

"Believing that this Court will return to the rule of *Williams* and *Smith, supra,* we next proceed to discuss whether or not the error was calculated to injure the rights of the Appellant and, if not, was Appellant deprived of a fair and impartial trial by reason of the charge in the instant case.

"While the charge given by the learned trial Court was not a model . . . and should not have been given, nevertheless, it

is inconceivable to this writer that the same was calculated to injure Appellant's rights. We cannot assume that a jury is going to abdicate its duty and find a Defendant guilty on a theory which has absolutely no support in the evidence. This Court has, on more than one occasion, held that an improper argument was cured by the giving of an instruction to the jury to disregard the argument, the theory being that the jury would follow the instruction. Why, then, we ask ourselves, should we fail to accord the same reasoning to following charges of the Court?

"In this case, we must review the charge in the context of the entire record before this Court. Mrs. Hamm testified that she pleaded for her life as she was marched into her bedroom. She pleaded for her life as she got the money for the robber. She testified further that she was afraid that the robber would injure or kill her. There was no testimony that anyone sustained any bodily injury. As the Court stated in *Williams*, supra, at p. 354:

"'Furthermore, it is highly unlikely that the jury was confused or misled because there was no evidence that the complainant received any bodily injury. . . .'

Should the Court find the charge to be fundamentally erroneous, then it is hoped the Court would point out in its opinion the specific instances wherein any error was made that was calculated to injure Appellant's rights or where Appellant was denied a fair and impartial trial.

" * * * "

The motion should be granted and the judgment should be affirmed.

DALLY and W. C. DAVIS, JJ., join in this dissent.