John Calvin **STONE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 53146.

Court of Criminal Appeals of Texas, Panel No. 1.

June 18, 1980.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of aggravated robbery. V.T.C.A., Penal Code, Sec. 29.03. Appellant was convicted and the jury assessed punishment at imprisonment in the Texas Department of Corrections for 50 years.

On November 3, 1976, this appeal was abated for a determination of whether or not he was entitled to a complete record at State expense and whether or not he was entitled to appointment of counsel on appeal.

The trial court has forwarded a supplemental transcript pointing out fundamental error in the charge to the jury.

Appellant was indicted for the offense of aggravated robbery and the indictment alleges in pertinent part as follows:

". . . did then and there, while in the course of committing theft of U. S. Currency, hereinafter called 'the property', from C. R. Callis, with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a handgun, knowingly and intentionally threaten and place C. R. Callis in fear of imminent bodily injury and death . . . ."

The pertinent portion of the Court's charge to the jury reads as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 24th day of July, 1975 in Victoria County, Texas, the defendant, John Calvin Stone, did, without the effective consent of C. R. Callis, the owner, take and exercise control over the corporeal personal property of C. R. Callis, to-wit, money, from the possession of C. R. Callis, with intent then and there to deprive C. R. Callis of said money, and that said defendant, in so doing, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant caused serious bodily injury to C. R. Callis or defendant used or exhibited a deadly weapon, to-wit, a gun, then you will find defendant guilty of aggravated robbery as charged in the indictment."

It is clear that the indictment authorized a conviction under V.T.C.A., Penal Code, Sec. 29.03(a)(2). Yet it is clear that the charge authorized a conviction under V.T.C.A., Penal Code, Sec. 29.03(a)(1), as well as Sec. 29.03(a)(2). This has been repeatedly held to be fundamental error requiring reversal. *McNiel v. State*, 599 S.W.2d 328 (No. 58,443 delivered April 16, 1980); *Jones v. State*, 566 S.W.2d 939 (Tex.Cr.App.1978).

The judgment is reversed and the cause remanded.