Anthony BONFANTI, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 64086.

Court of Criminal Appeals of Texas,
En Banc.

March 6, 1985.

Lajuanda T. Lacy, Tyler, for appellant.

Hunter B. Brush, Dist. Atty. and Christian Harrison, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

**W.C. DAVIS, Judge.**

A jury found appellant guilty of aggravated rape. The court assessed punishment at confinement for life.

Appellant challenges the sufficiency of the evidence to support the verdict, contending that there was no evidence that he threatened death and serious bodily injury.

Appellant was charged by indictment with aggravated rape. The indictment alleged that the intercourse was nonconsensual because appellant compelled the complainant to submit "by force, that overcame such earnest resistance as might reasonably have been expected under the circumstances...."—V.T.C.A. Penal Code, Sec. 21.02(b)(1) [1]; and because appellant compelled the complainant to submit "by threats, communicated by actions, words and deeds, that would prevent resistance by a woman of ordinary resolution...."—V.T.C.A. Penal Code, Sec. 21.02(b)(2). After each consent element the same aggravating factor was charged, namely, that appellant compelled the complainant's submission "by threat of death and serious bodily injury to be imminently inflicted on [the complainant]." See V.T.C.A., Penal Code, Sec. 21.03(a)(2).

The complainant testified that, on April 28, 1978, she had stayed home from work because she felt ill. Appellant had been doing carpentry work on the house in which she lived and had come in and out of the house several times that morning. The complainant was sitting on the couch in the living room when appellant walked around behind her, put a gun to her head, and said, "This is a stick up." She thought he was kidding until he said he was not kidding and told her to go upstairs with him. As she started up the stairs the complainant said, "No, please don't." Appellant replied that he "would use it if he had to." After they reached to the top of the stairs, appellant pointed the gun at the complainant, ordered her to take her clothes off, and then kissed and fondled her. The complainant asked to go back downstairs, hoping that she could reach a shotgun in a closet there. Appellant became impatient and told her to get back upstairs. He continued pointing the gun at her.

Appellant made the complainant lie down on the floor and tied the complainant's hands to the leg of a bed. As she attempted to untie the rope, he put the gun to her

---

**1.** All references to Penal Code provisions are to the Penal Code in effect at the time of the offense, 1978.

head and cocked it. She stopped trying to untie the rope. Appellant forced the complainant to have oral intercourse, fondled her, and then had sexual intercourse with her. During this episode appellant kept the gun in his hand.

Appellant untied the complainant from the bed, and, keeping the rope around her wrist, led her downstairs. He led her back upstairs to put her robe on, then went downstairs and asked her to get her purse. He took money from the purse. The complainant asked him not to kill her; he told her he was going to take her down the road and leave her so she would not be near a telephone. The complainant testified that she was sure then that he was going to take her into the woods and shoot her.

Appellant led the complainant to his car, drove a short distance down a dirt road, tied her to a tree, and then drove off.

Dr. Harold Cameron testified, inter alia, that the complainant had abrasions on her wrists consistent with rope burns. Appellant did not testify or offer any witnesses in his behalf. The testimony of the State's witnesses was not impeached.

■■■ Appellant's actions, words, and deeds, including pointing the gun at the complainant and forcing her to undress, placing the gun at her head and cocking it, and telling the complainant that he would use the gun if he had to, were ample to support the allegation that he compelled her to submit to sexual intercourse by threat of death and serious bodily injury.[2] See *Whitchurch v. State*, 650 S.W.2d 422 (Tex.Cr.App.1983); *King v. State*, 649 S.W.2d 42 (Tex.Cr.App.1983); *Berry v. State*, 579 S.W.2d 487 (Tex.Cr.App.1979); *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr. App.1979). The ground of error is overruled.

■■■ In his pro se brief appellant contends that the court's charge to the jury is fundamentally defective because it instructs the jury that guilt may be found based upon a theory not alleged in the indictment. No objection was made at trial, therefore we must determine if the error was "so egregious and created such harm that [appellant] 'has not had a fair and impartial trial.'" *Almanza v. State*, 686 S.W.2d 157, 173 (Opinion on rehearing, delivered February 27, 1985).

Appellant was charged by indictment with aggravated rape, specifically, nonconsenual intercourse by force and threats. See V.T.C.A. Penal Code, Sec. 21.02(b)(1) & (2). The aggravating factor alleged[3] was that appellant compelled the victim to have sexual intercourse "by threat of death and serious bodily injury to be imminently inflicted on [the complainant]." The court's charge instructed the jury that if they found that appellant,

... did then and there unlawfully and intentionally and without the consent and against the will of [the complainant], a female, have sexual intercourse with the [complainant], and that the said [complainant] was not then and there the wife of the said defendant, and that the defendant used force on [the complainant] on the occasion in question, as well as threats, to accomplish the sexual intercourse, and that such force was sufficient to overcome such earnest resistance as might reasonably be expected under the circumstances at the time, or that such threat or threats, if any, were such as would prevent resistance by a woman of ordinary resolution under the same or similar circumstances because of a reasonable fear of harm, and that the defendant, in the course of the same crimi-

2. Appellant also contends that the evidence is insufficient to prove that he caused serious bodily injury. The indictment did not allege that appellant caused serious bodily injury, rather the court's charge included that phrase as an alternative theory to the one alleged and proved. The charge contained no requirement that *both* the theory under which appellant was indicted

*and* the alternative theory be proved in order to authorize a verdict of guilt. Cf. *Wilhoit v. State*, 638 S.W.2d 489, 499 (Tex.Cr.App.1982). Therefore, the State did not have to prove such allegation and we need not examine the contention.

3. See V.T.C.A. Penal Code, Sec. 21.03(a)(2).

nal episode as the alleged rape *caused serious bodily injury to [the complainant] or*[4] compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted on her, then you will find the defendant guilty as charged in the indictment.

Unfortunately, the court failed to compare the charge to the indictment and did not notice that the indictment did not allege that appellant caused serious bodily injury. The charge thus enlarged upon the allegations in the indictment and instructed the jury that they could find appellant guilty if they found *either* that he had caused bodily injury *or* that he had threatened death or serious bodily injury as alleged in the indictment. V.T.C.A. Penal Code, Sec. 21.-03(a)(1) & (2).

■ Prior to this Court's opinion in *Almanza*, supra, such a charge required automatic reversal. *Stone v. State*, 599 S.W.2d 830, 831 (Tex.Cr.App.1980); *Scott v. State*, 599 S.W.2d 618 (Tex.Cr.App.1980); *McNiel v. State*, 599 S.W.2d 328 (Tex.Cr.App.1980); *Lowry v. State*, 579 S.W.2d 477 (Tex.Cr.App.1979). In accord with *Almanza*, we now determine if the error is "fundamental"—so egregiously harmful that appellant has not had a fair and impartial trial, by reviewing "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, supra, at 157.

■ The evidence of appellant's guilt of committing rape by threatening death and serious bodily injury was uncontradicted and unimpeached. Appellant did not testify and did not offer any witnesses in his defense. The only mention of any actual injury to the complainant was Dr. Cameron's statement, made while describing her medical condition, that there were abrasions on her wrists that were consistent with rope burns.

During argument, neither the State nor appellant made an issue of either the need for, or lack of, proof of bodily injury. The thrust of appellant's argument to the jury was an attempt to show that the complainant should have resisted appellant despite the existence of the gun and other threatening words and actions of appellant.

The court's charge informed the jury that appellant was charged with aggravated rape, to which appellant had pleaded not guilty. It also contained definitions of rape and lack of consent under 21.02(a) and 21.02(b)(1) & (2), respectively; a definition of aggravated rape, "by threat of death or serious bodily injury to be imminently inflicted on anyone," 21.03(a)(2); and definitions of "intentionally", "sexual intercourse", "serious bodily injury", and "episode". Then the charge stated:

> The indictment in this case having alleged the use of force and threats by the defendant of the infliction of serious bodily injury upon the alleged victim, before you would be warranted in convicting the defendant, you must find from the evidence beyond a reasonable doubt that defendant used such force on the occasion in question, if any, as to overcome such earnest resistance as might reasonably be expected under the circumstances at the time, or, that any threat the defendant is alleged to have made in accomplishing the sexual intercourse, if any, was such that it would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances because of a reasonable fear of harm, and the defendant, in the course of the same criminal episode as the alleged rape, compelled submission to the rape, if any, by threat of death or serious bodily injury to be imminently inflicted on [the complainant], and that there was penetration of the sexual organ of the female in question by the male organ of the party accused. If you have a reasonable doubt as to any of these matters, you must find the defendant not guilty.

---

**4.** Emphasis added.

The application paragraph appeared next, containing the erroneous addition that appellant "caused serious bodily injury to [the complainant]," joined to the correct part of the paragraph," or compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted on her, . . . ."

The jury found appellant "guilty of aggravated rape as charged in the indictment."

After reviewing all of the foregoing information, and noting particularly, the complete lack of evidence of "serious bodily injury", and the fact that serious bodily injury was not an issue that was argued or presented to the jury, we hold that the error in the charge did not deprive appellant of a fair and impartial trial. The evidence of appellant's guilt of the aggravating feature for which he was indicted was overwhelming and uncontradicted. Given all of this, we conclude that a jury would not have been misled by the erroneous addition in the charge, and we do not believe that a rational jury would have found the addition a reasonable theory under which to convict appellant. In light of the evidence, the argument, the verdict, and the entire charge we hold that appellant was given a fair and impartial trial. The ground of error is overruled.

■ Appellant contends that the trial court abused its discretion by sentencing him to confinement for life. Appellant argues that because he was a first offender with no arrest record, because the victim suffered no serious bodily injury, and because appellant's family would be on welfare because of his confinement, the sentence constitutes cruel and unusual punishment.

The sentence is within the range of punishment established for a first degree felony. See V.T.C.A. Penal Code, Sec. 12.32. The judge stated that he considered the facts of the case, including the use of a firearm, the gravity of the offense, the lack of any justification, excuse, or reason for the rape, and the anguish and mental scars of the victim. In light of these considerations he assessed punishment at confinement for life.

The punishment is within the statutory limits of punishment and from the facts presented we cannot say that the court abused its discretion. *Bass v. State*, 468 S.W.2d 465 (Tex.Cr.App.1971). The ground of error is overruled.

■ In accord with appellant's last ground of error, we must reform his sentence because the trial court did not impose a minimum term as was required by the indeterminate sentence law then in effect. See Art. 42.09(1), V.A.C.C.P. When the punishment assessed is confinement for life under the sentencing scheme used in appellant's case, the sentence must impose the minimum term as well as the maximum. *Thomas v. State*, 587 S.W.2d 707 (Tex.Cr.App.1979). The sentence is reformed to show a term of not less than 5 years or more than life.

The sentence is reformed and the judgment affirmed.[5]

TEAGUE, Judge, concurring.

*Orwell*, have you been reading what the Court of Criminal Appeals has been writing about objected to and unobjected to fundamental error in the trial court's charge on guilt as well as punishment?

If not, but just to bring you up to date, I point out that based upon its decision of *Almanza v. State*, 686 S.W.2d 157 (Tex. Cr.App.1985), a majority of this Court holds in this cause that an accused person is not deprived of a fair and impartial trial by jury simply because the jury was instructed that it could find the appellant guilty on a theory not alleged in the indictment. Thus, it is now permissible for a trial judge to erroneously instruct the jury that it might find the defendant guilty even if the

---

**5.** We have considered the other issues raised in appellant's pro se brief and found them to be without merit.

defendant's guilt was based upon a theory not alleged in the indictment. Under *Almanza v. State*, supra, this egregious type error does not deprive a defendant of due process or due course of law, as once guaranteed by our respective Constitutions.

I must ask: If a jury charge on guilt that enlarges upon the allegations of the indictment or information, no matter how slight or how material the degree, as to the offense with which the accused is charged with committing, if this does not constitute fundamental error, when can such error ever be calculated to injure the rights of the defendant to the extent that such error will prevent him from having a fair and impartial trial by jury? I believe that as long as *Almanza v. State*, supra, legally exists, the answer is going to be a simple "Never." Cf. *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977).