John Carl NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–84–044–CR.

Court of Appeals of Texas, Waco.

May 23, 1985.

Jim Skelton, Skelton, Pelton & Pelton, Houston, for appellant.

John B. Holmes, Jr., Crim. Dist. Atty., Don Clemmer, Vance Christopher, Asst. Dist. Attys., Houston, for appellee.

## OPINION

THOMAS, Justice.

A jury convicted Appellant of aggravated rape, and the court assessed his punishment at sixteen years in prison. He contends on appeal that the evidence was insufficient to prove the aggravating element of the offense and that the court's charge was fundamentally defective because it authorized his conviction on a theory not alleged in the indictment. The judgment is affirmed.

An altercation occurred between Appellant, Complainant and Complainant's daughter during the early morning hours of March 24, 1983, after Appellant's pickup struck a planter box at Complainant's residence. Appellant, who was renting a room from Complainant, had been drinking and was apparently intoxicated. During the altercation, Appellant obtained a shotgun from his pickup and reentered the residence looking for Complainant's daughter who had fled the house to call police. Complainant testified that Appellant placed the barrel of the shotgun to her forehead and threatened to kill her unless she told him where her daughter was hiding. When she refused, Appellant threatened to rape her. According to Complainant, Appellant forced her into the living room where he grabbed her by the hair, pounded her head on the floor, momentarily stunned her by striking her in the head with his fist and threatened to "bash her brains in" unless she "shut up". He forced her to place his penis in her mouth and attempted to rape her. Appellant then took Complainant into her bedroom where he finally succeeded in raping her.

Appellant contends in his first ground of error that the evidence was insufficient to prove the aggravating element of the offense. He argues that the State was required to prove, under section 21.03 of the Penal Code, that he had compelled the rape by threat of death or serious bodily injury to be imminently inflicted on Complainant. To support his argument, Appellant asserts that his threat to kill Complainant with the shotgun occurred in connection with his attempt to locate her daughter and not to compel the rape. Furthermore, Appellant points out that Complainant testified that he did not have the shotgun in his posses-

sion when he attacked her in the living room or when he raped her in the bedroom. Therefore, he argues that the State could not rely on his possession of the shotgun prior to the rape to prove that he compelled the rape by threat of death or serious bodily injury. Ground one must be overruled.

■ Section 21.03 originally provided that a person committed aggravated rape if he committed rape under section 21.02 and he, among other aggravating means, "[compelled] submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." Tex. Penal Code Ann. § 21.03 (1974). However, section 21.03 was amended, effective September 1, 1981, to provide that a person committed aggravated rape if he committed rape under section 21.02 and he, among other aggravating means, "by acts, words, or deeds [placed] the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone". Act of April 30, 1981, ch. 96, § 1, 1981 Tex.Sess.Law Serv. 203 (Vernon). Therefore, after September 1, 1981, until September 1, 1983, when section 21.03 was repealed, amended and recodified as aggravated sexual assault under section 22.021 of the Penal Code, the State was not required to allege or prove that sexual intercourse had been compelled by a threat of death or serious bodily injury to convict a person of aggravated rape. Thus on March 24, 1983, when the offense occurred, the State was not required to plead or prove compulsion as an aggravating element of the offense.

Omitting its formal parts, the indictment charged that Appellant did:

unlawfully[,] intentionally and knowingly by force and threats have sexual intercourse with [Complainant], a female not his wife and hereafter styled the Complainant, without the consent of the Complainant, and by acts, words, and deeds [Appellant] did intentionally and knowingly place the Complainant in fear of serious bodily injury and death to be imminently inflicted on [Complainant].

The indictment was sufficient to charge aggravated rape under section 21.03 because it contained an allegation that Appellant had, by acts, words and deeds, placed Complainant in fear of serious bodily injury and death to be imminently inflicted upon her.

■ The evidence was sufficient to prove the aggravating element of the offense alleged in the indictment. Although the shotgun was out of sight and not in Appellant's immediate possession when the rape occurred, the threat of its use continued. Complainant testified that she thought Appellant had left the weapon in the hallway as he forced her into the living room and that she was afraid Appellant would kill her if she tried to escape. Where a threat of death or serious bodily injury occurs prior to and within minutes of a rape, logically, the victim would consider the death threat when she submitted to the rape. *See Bright v. State,* 585 S.W.2d 739, 742 (Tex.Cr.App.1979). Ground one is overruled.

In ground two Appellant contends that the main charge was fundamentally defective because it authorized his conviction on a theory not alleged in the indictment. He again argues that the indictment was insufficient to allege aggravated rape because it did not contain an allegation that the rape had been compelled by threat of death or serious bodily injury. Ground two cannot be sustained.

■ We noted in disposing of ground one that the indictment was sufficient to allege aggravated rape. The charge likewise authorized Appellant's conviction for aggravated rape. The charge did, however, instruct the jury that it must believe beyond a reasonable doubt that Appellant compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted on Complainant before it could convict him of aggravated rape. Therefore, the charge was erroneous because the State was not required to allege or prove compulsion but merely required to prove that, as alleged in the indictment, Appellant had placed Complainant in fear

of death or serious bodily injury to be imminently inflicted on her.

If an appellate court finds error in the charge, then it must make an evidentiary review of the record as a whole to determine the actual, not just theoretical, harm to the accused. *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984). Furthermore, when the accused does not make a proper objection to the charge at trial, as Appellant failed to do, then a reversal is only required where the error in the charge is so egregious and created such harm that the accused has not had a fair and impartial trial. *Id.* at 171. Having found error in the charge, we have conducted an evidentiary review of the record as a whole to determine whether Appellant has suffered egregious harm.

Because Appellant did not testify at trial, the evidence can be fairly characterized as unimpeached. Furthermore, the evidence is overwhelming that Appellant threatened to kill Complainant just before he raped her and that he placed her in fear of imminent death or serious bodily injury. The jury argument has not been made a part of the record on appeal, and therefore we cannot determine whether the parties made an issue out of the presence or absence of evidence relating to the aggravating element of the offense. After reviewing the record as a whole, we find that Appellant did not suffer egregious harm from the error in the charge. *See Bonfanti v. State,* 686 S.W.2d 149 (Tex.Cr.App. 1985); *Kucha v. State,* 686 S.W.2d 154 (Tex.Cr.App.1985). When an accused compels sexual intercourse by a threat of death or serious bodily injury to be imminently inflicted on the victim, he obviously has placed the victim in fear of death or serious bodily injury to be imminently inflicted on her. Because the evidence was overwhelming that Appellant had, by acts, words or deeds, placed Complainant in fear of imminent death or serious bodily injury to obtain her submission, thus compelling the rape by a threat of death or serious bodily injury to be imminently inflicted on her, the jury could not have been misled by the error in the charge. *See Bonfanti,* 686 S.W.2d at 153. The error, if it harmed anyone, harmed the State because it required the State to prove an unnecessary element: that Appellant compelled the rape by threat of death or serious bodily injury. Ground two is also overruled.

Affirmed.