**Loubert NED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–84–085 CR.**

Court of Appeals of Texas, Beaumont.

April 29, 1987.

Loubert Ned, pro se.

Tom Maness, Criminal Dist. Atty., and John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury of possession of a controlled substance with intent to deliver. After finding two prior convictions, they assessed his punishment at confinement in the Texas Department of Corrections for life. Appellant's counsel originally filed a "frivolous" brief which complied with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *High v. State,* 573 S.W.2d 807 (Tex.Crim.App.1978). Attached to the brief was a copy of a letter informing appellant of his right to review the record and prepare a *pro se* brief. Relying on this representation and, after allowing appellant a reasonable time to file such a brief, this court affirmed the conviction in an unpublished opinion. Thereafter, appellant filed a post-conviction writ of habeas corpus and the trial court recommended the Court of Criminal Appeals deny the relief. The Court of Criminal Appeals, however, ordered that appellant be granted an "out-of-time appeal" and that appellant be returned to the point at which he requested the record. This court subsequently recalled the original mandate and issued an order allowing appellant sufficient time to review the record and file a *pro se* brief. Appellant brings forth two points of error. Each point of error complains of the use of one of the prior convictions and the introduction of the "pen packets" before the jury because the conviction was void and the judgment is neither definite nor certain as to the punishment assessed.

■ The State urges that the point has not been preserved for review since appellant's trial counsel only objected to the introduction of the "pen packets" based upon hearsay and thus, under *Hill v. State,* 633 S.W.2d 520 (Tex.Crim.App.1982), the failure to object to the introduction of proof of an allegedly void prior conviction precluded a defendant from attacking a conviction that utilized that prior conviction. We agree with the State and this

alone is reason enough to overrule appellant's points of error.

■ However, had there been a proper objection, we would still overrule the points. Appellant's prior convictions were in 1966 and 1972, respectively. At that time the indeterminate sentence law was in effect, *TEX. CODE CRIM.PROC.ANN. art. 42.09, sec. 1* (Vernon 1979), which required the judge to fix the sentence at the minimum term as the lowest term and as the maximum as the term stated in the verdict.[1] This article has been held not to be unconstitutionally vague, indefinite or uncertain. *Cervantes v. State,* 473 S.W.2d 31 (Tex.Crim.App.1971). Further, the court must, under the indeterminate sentence provision, impose the minimum term as well as the maximum. *Bonfanti v. State,* 686 S.W.2d 149 (Tex.Crim.App.1985).

In each instance, the prior conviction shows the verdict was a certain number of years and then the judgment applies the indeterminate sentence law by assessing the minimum punishment as that minimum required by law and by assessing the maximum as that set by the verdict. This was correct and proper under the then existing statute. Both points of error are overruled. The judgment of the trial court is affirmed.

AFFIRMED.

---

1. The article has been amended and the indeterminate sentence law abolished by Acts 1981,

67th Leg., pg. 810, ch. 291, sec. 117, effective September 1, 1981.