George RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–87–072–CR.

Court of Appeals of Texas,
Texarkana.

Feb. 8, 1989.

See also 766 S.W.2d 360.

Leroy Peavy, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

In a single trial, George Rodriguez was convicted of aggravated sexual assault of a child and aggravated kidnapping. He was sentenced to sixty years in the Texas Department of Corrections for each offense, the sentences to run concurrently.

This is an appeal from the aggravated sexual assault conviction. Rodriguez contends that the judgment should be reversed because he was convicted of an offense other than the one alleged in the indictment. He also argues that it was error to convict him in the same trial of the offense of aggravated kidnapping, because both crimes arise out of the same criminal episode and prosecution for both would violate the double jeopardy prohibition. We overrule both contentions and affirm the judgment.

Rodriguez first contends that the indictment alleged the offense of sexual assault, a second-degree felony defined in Tex.Penal Code Ann. § 22.011 (Vernon Supp.1989), rather than aggravated sexual assault of a child, a first-degree felony defined in Tex.Penal Code Ann. § 22.021 (Vernon Supp.1989). For that reason, he argues, the judgment and the punishment of sixty years' confinement are void.

The punishment for a second-degree felony is confinement for any term not more than twenty years or less than two years, and a fine not to exceed $10,000.00. Tex. Penal Code Ann. § 12.33 (Vernon 1974). For a first-degree felony, the authorized punishment is confinement for life or for

any term of not more than ninety-nine years or less than five years, and a $10,-000.00 fine. Tex.Penal Code Ann. § 12.32 (Vernon Supp.1989).

In relevant part, the indictment alleges that Rodriguez did:

> [I]ntentionally and knowingly cause the penetration of the female sexual organ of MARISELA SALAZAR, hereafter styled the Complainant, a person younger than seventeen years of age and not his spouse by placing his sexual organ in the female sexual organ of the Complainant and by acts and words, the Defendant placed the Complainant in fear that serious bodily injury and death would be imminently inflicted on the Complainant.

Rodriguez points out that the indictment merely alleges that he committed the offense of rape upon the complainant *and* that he placed her in fear of bodily injury or death. He argues that because there was no allegation that the act of placing the victim in fear of bodily injury or death occurred at or near the time of the rape, the indictment fails to allege any connection between the rape and the aggravating circumstances, and thus does not charge aggravated sexual assault. We disagree.

Section 22.021 of the Texas Penal Code provides that a person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the sexual organ of a child by any means, and if the person by acts or words places the victim in fear that death, serious bodily injury or kidnapping will be imminently inflicted on any person, the offense is a felony of the first degree. Tex. Penal Code Ann. § 22.021 (Vernon Supp. 1989).

We hold that the indictment sufficiently sets out all of the requirements of aggravated sexual assault as defined in Section 22.021 of the Texas Penal Code and that it was sufficient to charge the offense. *Nichols v. State,* 692 S.W.2d 178 (Tex. App.–Waco 1985, pet. ref'd); *see also, Uresti v. Lynaugh,* 821 F.2d 1099 (5th Cir. 1987); *Brem v. State,* 571 S.W.2d 314 (Tex. Crim.App. [Panel Op.] 1978); *Church v. State,* 552 S.W.2d 138 (Tex.Crim.App.1977);

*Welch v. State,* 677 S.W.2d 562 (Tex.App.–Eastland 1984, pet. ref'd). Moreover, there was sufficient evidence for a verdict of guilty.

■ Rodriguez further argues that convictions for both aggravated sexual assault and aggravated kidnapping because of acts arising out of a single criminal episode violates the double jeopardy prohibitions of the United States and Texas Constitutions.

The record shows that Rodriguez and a companion forced the fourteen-year-old complainant into their car, took her against her will to a private house, threatened to kill her if she did not cooperate, and thereafter sexually assaulted her.

Rodriguez relies on *Orosco v. State,* 590 S.W.2d 121 (Tex.Crim.App. [Panel Op.] 1979), and *Herrera v. State,* 756 S.W.2d 120 (Tex.App.–Fort Worth 1988, n.p.h.). Those cases essentially apply the "carving doctrine" which is no longer the law in Texas. *Ex parte McWilliams,* 634 S.W.2d 815 (Tex.Crim.App.1982).

■ Where the same act or transaction constitutes a violation of two distinct statutory prohibitions, prosecution and conviction for both offenses will not violate the double jeopardy prohibition if the essential elements of one offense requires proof of a fact that the other does not. *Ex parte McWilliams,* supra. The offenses of aggravated rape and aggravated kidnapping each require proof of facts not required of the other, and prosecution for both does not violate the double jeopardy prohibition. *Wornell v. State,* 633 S.W.2d 904 (Tex. Crim.App.1982).

The judgment of the trial court is affirmed.