Jim Bob **WEATHERFORD**, Appellant,

v.

**STATE of Texas, Appellee.**

**No. 11–90–172–CR.**

Court of Appeals of Texas,
Eastland.

Oct. 15, 1992.

Discretionary Review Refused
Feb. 3, 1993.

Mark Piland, Colorado City, John H. Hagler, Dallas, for appellant.

Ernie B. Armstrong, Dist. Atty., Snyder, Carl E.F. Dally, First Asst., State Prosecuting Atty., Austin, for appellee.

OPINION

ARNOT, Justice.

## ON REMAND

This court reversed appellant's conviction of theft of oil field property and remanded

for new trial sustaining appellant's third and fourth points of error that the administrative search of the oil and gas lease exceeded the authority granted under TEX. NAT.RES. CODE ANN. § 88.092 (Vernon 1978). See *Weatherford v. State*, 822 S.W.2d 217 (Tex.App.—Eastland 1991). The Court of Criminal Appeals summarily granted the State's petitions [1] for discretionary review, vacated this court's judgment, and remanded the case for consideration of the State's arguments that error had not been preserved and that the error was harmless. *Weatherford v. State*, 828 S.W.2d 12 (Tex.Cr.App.1992). We will now consider the State's arguments in its supplemental brief on remand.

### Preservation of Error

■ The State contends on remand that appellant has failed to preserve error because a timely, specific objection was never made on the grounds that the Railroad Commission Agent exceeded his statutory authority. We disagree.

The Court of Criminal Appeals stated in *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr. App.1977), that:

> The generally acknowledged policies of requiring specific objections are twofold. First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony. McCormick, Handbook of the Law of Evidence, Sec. 52, p. 113, 115 (2d ed. 1972); 4 Jones, The Law of Evidence, Sec. 28:2, p. 276 (6th ed. 1972). In accordance with these policies, a number of exceptions to the general rule that a party cannot complain on appeal to the overruling of a general objection or an imprecise specific objection have been created. 1 McCormick & Ray, Evidence, Sec. 25, p. 25 (2d ed. 1956). Thus, *where the correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objec-*

*tion.* McCormick & Ray, supra. (Emphasis added) (Footnote omitted)

At issue was the search of an oil lease and the search of appellant's home. One room of his home was used as an office. The State concedes that there was no valid search warrant.

Before trial, the State advised the court that it would not rely on a search warrant to search the oil property. Rather, the State would rely upon the Railroad Commission Agent's administrative authority under the Texas Natural Resources Code. Appellant was arrested on the way to the lease in possession of stolen Reda cable. The next morning, law enforcement officers searched the oil property and found the stolen trailer.

At trial, trial counsel objected to the search of the oil property as an improper search. The trial court asked if the law enforcement officers had the authority to be on the lease. The State indicated that they had authority under the Natural Resources Code.

Trial counsel made several objections to the introduction of the license plate which was seized during the search of appellant's home. First, counsel objected on the grounds of relevancy. The State responded that, "I can show you under what *authority* it was found." (Emphasis added) Trial counsel took the witness, Railroad Commission Agent Michael Knight, on voir dire and questioned him about the reasons and authority for which he had entered and searched appellant's house. Counsel then argued to the trial court that:

> He was aware that that was a house. He went under the authority that it was also listed as a business residence. He was there with the Sheriff's Office who had a warrant. He walked in, he was looking for business records and just because a license plate was in near view, doesn't mean that he can seize that license plate, just seize that license plate.

Counsel then objected on the ground that it was "an improper search and seizure" and stated that he was not conceding the wit-

---

1. Both the District Attorney and the State's Attorney filed petitions for discretionary review.

ness was "legitimately on the premises." The trial court overruled the objection stating: "I think he had authority to be there because that was listed as their office." Counsel again argued that "[i]t was an improper search and seizure." The State answered that the witness "was there under the authority of the Natural Resources Code."

Appellant's complaint on appeal is consistent with the objection urged at trial: the search and seizure was improper because the Railroad Commission Agent exceeded his statutory authority. The record is clear that the court and the prosecuting attorney understood the basis of trial counsel's complaint. Therefore, the error was preserved for appellate review.

### Harmless Error Analysis

■ Appellant was convicted of the theft of a trailer. The trailer was found as a result of a search on property to which the following people had access: appellant, his brother, the lessor, and a subsequent lessee who disputed appellant's right to the lease. Appellant was not in exclusive control of the lease. When arrested, appellant was approaching the lease from a county road in possession of Reda cable which was later identified as stolen. The evidence did not conclusively establish that appellant exercised care, custody, and control of the stolen trailer located on the jointly-owned property.

The license plate from the stolen trailer was found in the corner of a room of the residence shared by appellant and his brother. Appellant and his brother used that room as an office. The plate was found along with other license plates. The mere presence of the license plate did not show illegal activity. Not until the plates were removed from the premises and identified was this plate identified as belonging on the stolen trailer.

In *Harris v. State*, 790 S.W.2d 568 (Tex. Cr.App.1989), the court discussed the harmless error rule and stated:

In summary, a reviewing court in applying the harmless error rule should not focus upon the propriety of the outcome of the trial. Instead, an appellate court should be concerned with the integrity of the process leading to the conviction. Consequently, the court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror would probably place upon the error. In addition, the Court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity. In summary, the reviewing court should focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making; it should ask not whether the jury reached the correct result, but rather whether the jurors were able properly to apply law to facts in order to reach a verdict. Consequently, the reviewing court must focus upon the process and not on the result. In other words, a reviewing court must always examine whether the trial was an essentially fair one. If the error was of a magnitude that it disrupted the juror's orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted. Again, it is the effect of the error and not the other evidence that must dictate the reviewing court's judgment.

In examining this error under the guidelines set out in *Harris*, we cannot say beyond a reasonable doubt that the error made no contribution to the conviction. TEX.R.APP.P. 81(b)(2).

Consistent with the Court of Criminal Appeals' instructions to consider the State's arguments, we find that error was preserved and that the error was not harmless under Rule 81(b)(2).

Appellant's third and fourth points of error are sustained. The trial court's judgment of conviction is reversed, and the case is remanded for a new trial.