TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00256-CR







Dwayne Jr. Walker, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 94-762-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING








 Appellant was charged in a two-count indictment with the offenses of aggravated
robbery and aggravated kidnapping, both offenses alleged to have occurred on about August 17,
1994. See Tex. Penal Code Ann. §§ 20.04, 29.03 (West 1994). After finding appellant guilty
of both offenses, the jury assessed punishment at confinement for life on each count. We will
overrule appellant's three points of error and affirm the judgment of the trial court.

 In his first point of error, appellant contends that the trial court erred in overruling
his challenge to the exclusion of venire member Angelia Johnson under Batson v. Kentucky, 476
U.S. 79 (1986). Batson provides that a defendant may establish a prima facie case of
discrimination on the facts of his case by showing that he is a member of a racial group, that
members of that group have been excluded from his jury, and that the facts and circumstances of
the case raise an inference that the exclusion was based on race. Id. at 96. If a prima facie case
is established, the burden shifts to the State to show a neutral explanation for challenging the juror
which can not be accomplished by merely stating that it relied on the assumption that the juror
would be partial to the defendant because of their shared race or by simply affirming that it made
the individual selections in good faith. Id. at 97-98.

 Before the jury was sworn, appellant challenged the State's peremptory strikes on
two African Americans, Howard Smith and Angelia Johnson. Defense counsel objected that the
"only reason they the [State] struck those two jurors is because they were African American, same
as my client." On appeal, appellant only complains of the exclusion of Johnson. The jury was
retired, and counsel for both sides were sworn and testified. Defense counsel stated that he had
reviewed the answers of Smith and Johnson as well as their juror information cards (1) and that he
could find no reason for the State striking them except for race.

 The prosecutor testified that he noticed that Johnson quickly raised her hand when
the panel was asked if we didn't spend enough money on rehabilitation, a factor the prosecutor
deemed significant since the State was seeking confinement for life in each case. The prosecutor
related that he tried to find the ten venire persons within the strike zone that he thought would be
least sympathetic to the State's case. The State's ideal juror in this case was married with children
because the evidence was expected to show that appellant had threatened the victim's family. 
Johnson's background reflected that she was thirty-five years old and had no children. When the
State had six challenges remaining, it struck three women without children, an eighteen-year-old
male, and two men without children whose occupations the prosecutor felt were such that "put
them in my category of people without a huge stake in society."

 Defense counsel's rebuttal noted that the trial court took judicial notice of two
Mexican Americans on the jury, but pointed out that this was not the test under Batson. Defense
counsel claimed that it didn't matter how many minorities actually sat on the jury and that the
crucial test is really why the ones not selected were excluded.

 The trial court must determine whether the State's factual explanations for its
strikes are contrived to avoid admitting acts of group discrimination. See Keeton v. State, 749
S.W.2d 861, 868 (Tex. Crim. App. 1988). An example of a contrived explanation is the striking
of a teacher because the prosecutor believed that all teachers are liberal without asking the person
any questions to determine whether in reality the individual juror was liberal. Emerson v. State,
851 S.W.2d 269, 273 (Tex. Crim. App. 1993). This is "a classic example of `an explanation
based on group bias where the group trait is not found to apply to the challenged juror
specifically.'" Id. (quoting Keeton, 749 S.W.2d at 866). 

 In making its determination, a trial court's finding will "largely turn on evaluation
of credibility." See Vargas v. State, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992). The
appellate court's standard in reviewing the trial court's decision is whether the decision is
supported by the record so that it is not clearly erroneous. Emerson, 851 S.W.2d at 273. "This
includes a review of the voir dire, the racial makeup of the venire, the prosecutor's neutral
explanations, and appellant's rebuttal and impeaching evidence." Id. The trial court found that
appellant had made a prima facie case of racial discrimination, that the prosecutor had given a
race-neutral and gender-neutral explanation for its strikes, and that appellant failed to rebut the
State's explanation by discharging its burden of showing that the strikes were race or gender
based. The trial court overruled appellant's Batson objection.

 On appeal, appellant complains of Johnson's exclusion because of race and gender. (2) 
The only objection made by appellant in the trial court was that the two strikes were based on the
fact that the persons were African American, the same race as appellant. One of the reasons a
specific objection is required is to afford opposing counsel an opportunity to remove the objection
or supply other testimony. See Weatherford v. State, 840 S.W.2d 727, 728 (Tex. App.--Eastland
1992, pet. ref'd). Despite the fact that the trial court found both race-neutral and gender-neutral
basis for the State's exclusion of Johnson, our review fails to reflect that it should have been
obvious to the State that gender was a reason for exclusion. We hold that the trial court's decision
had sufficient support in the record so that it is not clearly erroneous. Moreover, even had the
gender issue been preserved for review, our holding would be the same. Appellant's first point
of error is overruled.

 In his second point of error, appellant contends the trial court erred in entering a
judgment of conviction for the offense of aggravated robbery under the first count of the
indictment because the indictment only charged the offense of robbery. Insofar as it is pertinent
to the instant cause, the statute defines aggravated robbery as follows:



(a) A person commits an offense if he commits robbery as defined in Section
29.02, and he:


 . . .


 (2) uses and exhibits a deadly weapon;



Texas Penal Code Ann. § 29.03 (West 1994) (emphasis added).

 The indictment and the jury charge in applying the law to the facts stated in
pertinent part: "[Appellant] intentionally or knowingly threatened or placed Patricia Williams in
fear of imminent bodily injury or death, while in the course of committing theft with intent to
obtain or maintain control of the property, did use or exhibit a deadly weapon, namely a firearm." 
Appellant's sole objection is the omission of the conjunctive "and he" linking the aggravating
element to the offense of robbery. Appellant urges that the omission resulted in a simple robbery
and indictment with a disembodied allegation of the use or exhibition of a deadly weapon.

 Appellant waived all objections to the indictment by not objecting to the indictment
prior to the date of the commencement of the trial on its merits. See Tex. Code Crim. Proc. art.
1.14(b) (West Supp. 1996); Studer v. State, 799 S.W.2d 263, 271 n.11 (Tex. Crim. App. 1990). 
Nor was any objection made to the application paragraph of the charge in the trial court. As
heretofore noted, the application paragraph of the charge also omitted the words "and he" linking
the aggravating element to the offense of robbery. Where no objection is voiced to the court's
charge at trial, reversal will result "only if the error is so egregious and created such harm that
[the accused] `has not had a fair and impartial trial.'" See Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1984). All elements of the offense were included in the application
paragraph and the connecting words, "and he" were included in the definition of aggravated
robbery in the charge. Clearly, the complained of error was not so egregious as to deprive
appellant of a fair and impartial trial.

 We hold that the trial court did not err in entering a judgment of conviction for the
offense of aggravated robbery because of any error in the indictment or charge. Appellant's
second point of error is overruled.

 In his third point of error, appellant urges that his life sentence for the offense of
aggravated robbery is void. Appellant bases his contention on the argument, which we reject
above, that the indictment and charge only support a conviction for robbery. Punishment for life
is within the punishment range authorized for the offense of aggravated robbery. See Tex. Penal
Code Ann. §§ 29.03(b), 12.32 (West 1994); Bonfanti v. State, 686 S.W.2d 149, 153 (Tex. Crim.
App. 1985). Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Aboussie and Davis*

Affirmed

Filed: May 15, 1996

Do Not Publish


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   The juror information cards were not introduced in evidence. Consequently, they are
not before this Court for review.
2.   On the issue of gender as a basis for exclusion, see J.E.B. v. Alabama ex rel T.B., 
U.S. , 114 S. Ct. 1419 (1994).



lows:



(a) A person commits an offense if he commits robbery as defined in Section
29.02, and he:


 . . .


 (2) uses and exhibits a deadly weapon;



Texas Penal Code Ann. § 29.03 (West 1994) (emphasis added).

 The indictment and the jury charge in applying the law to the facts stated in
pertinent part: "[Appellant] intentionally or knowingly threatened or placed Patricia Williams in
fear of imminent bodily injury or death, while in the course of committing theft with intent to
obtain or maintain control of the property, did use or exhibit a deadly weapon, namely a firearm." 
Appellant's sole objection is the omission of the conjunctive "and he" linking the aggravating
element to the offense of robbery. Appellant urges that the omission resulted in a simple robbery
and indictment with a disembodied allegation of the use or exhibition of a deadly weapon.