COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-110-CR
 
ARNULFO SALAS                                                                                
APPELLANT
V.
THE STATE OF TEXAS                                                                                
STATE
------------
FROM THE 396TH DISTRICT
COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Arnulfo Salas appeals
from his conviction for intoxication manslaughter. Salas entered an open plea of
guilty and was sentenced to fifteen years' imprisonment. In a single point, he
contends the trial court abused its discretion in assessing his sentence. We
will affirm.
Following Salas's guilty plea, the
trial court deferred a finding of guilt and ordered a pre-sentence investigation
report. After reviewing the report and the evidence and testimony offered at the
sentencing hearing, the trial court assessed punishment at fifteen years'
imprisonment.
We review a sentence imposed by the
trial court for abuse of discretion. Jackson v. State, 680 S.W.2d 809,
814 (Tex. Crim. App. 1984). As a general rule, a penalty assessed within the
proper punishment range will not be disturbed on appeal. Id.
Salas claims the trial court abused
its discretion in sentencing him to fifteen years' imprisonment by failing to
take into account his acceptance of responsibility, his efforts towards
rehabilitation, and his family and work responsibilities. He cites Jackson
for the proposition that a trial court may abuse its discretion in sentencing
even if the punishment assessed falls within the range of punishment prescribed
for a particular offense. Id.
In Jackson, the court held
that the trial court's use, over objection, of a pre-sentence investigation
report in determining what punishment would be assessed was error. Id.
In addressing the harmfulness of the error, the court noted there was no other
evidence before the trial court to base its determination as to punishment on
other than the pre-sentence investigation report, which could not be considered.
Id. Under the limited facts of that case, the court held that the trial
court abused its discretion in sentencing the defendant where there was no
evidence upon which the punishment decision could have been made. Id.
Here, there was ample evidence upon
which the trial court based its decision - a pre-sentence investigation report
and the testimony of eight witnesses, including Salas. Additionally, Salas's
sentence was within the proper range of punishment for intoxication
manslaughter, a second degree felony. See Tex. Penal Code Ann. §§
12.33, 49.08 (Vernon 1994 & Supp. 2003). Given that the punishment is within
the statutory limits of punishment and considering the record presented, we
cannot say that the court abused its discretion in assessing Salas's punishment.
See Bonfanti v. State, 686 S.W.2d 149, 153 (Tex. Crim. App. 1985). We
overrule appellant's sole point.
We affirm the trial court's
judgment.
 
                                                                               
PER CURIAM
 
PANEL F: WALKER, J.; CAYCE, C.J.;
and GARDNER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered February 6, 2003]

1. See Tex. R. App. P. 47.4.