Arnulfo Salas v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-110-CR

ARNULFO SALAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 Appellant Arnulfo Salas appeals from his conviction for intoxication manslaughter.  Salas entered an open plea of guilty and was sentenced to fifteen years’ imprisonment.  In a single point, he contends the trial court abused its discretion in assessing his sentence.  We will affirm.

Following Salas’s guilty plea, the trial court deferred a finding of guilt and ordered a pre-sentence investigation report.  After reviewing the report and the evidence and testimony offered at the sentencing hearing, the trial court assessed punishment at fifteen years’ imprisonment. 

We review a sentence imposed by the trial court for abuse of discretion.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  As a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal.  
Id.

Salas claims the trial court abused its discretion in sentencing him to fifteen years’ imprisonment by failing to take into account his acceptance of responsibility, his efforts towards rehabilitation, and his family and work responsibilities.  He cites 
Jackson
 for the proposition that a trial court may abuse its discretion in sentencing even if the punishment assessed falls within the range of punishment prescribed for a particular offense.  
Id.

In 
Jackson
, the court held that the trial court's use, over objection, of a pre-sentence investigation report in determining what punishment would be assessed was error. 
 Id.
  In addressing the harmfulness of the error, the court noted there was no other evidence before the trial court to base its determination as to punishment on other than the pre-sentence investigation report, which could not be considered.  
Id.
  Under the limited facts of that case, the court held that the trial court abused its discretion in sentencing the defendant where there was 
no evidence
 upon which the punishment decision could have been made. 
Id.

Here, there was ample evidence upon which the trial court based its decision – a pre-sentence investigation report and the testimony of eight witnesses, including Salas.  Additionally, Salas’s sentence was within the proper range of punishment for intoxication manslaughter, a second degree felony.  
See
 
Tex. Penal Code Ann.
 §§ 12.33, 49.08 (Vernon 1994 & Supp. 2003). Given that the punishment is within the statutory limits of punishment and considering the record presented, we cannot say that the court abused its discretion in assessing Salas’s punishment.  
See Bonfanti v. State
, 686 S.W.2d 149, 153 (Tex. Crim. App. 1985).  We overrule appellant’s sole point.

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and GARDNER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered February 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.